# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DAVID C. CULVERHOUSE**
**United States Army, Appellant**

ARMY 20120233

Seventh U.S. Army Joint Multinational Training Command
Wendy Daknis, Military Judge
Lieutenant Colonel David E. Mendelson, Staff Judge Advocate (pretrial)
Major John L. Kiel, Jr., Acting Staff Judge Advocate (recommendation)
Lieutenant Colonel David E. Mendelson, Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Captain A. Jason Nef, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Kenneth W. Borgnino, JA; Captain Chad M. Fisher, JA (on brief).

30 June 2014

------------------------------------
SUMMARY DISPOSITION
------------------------------------

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of two specifications of failure to report, two specifications of failure to obey a lawful order, and one specification of larceny of property of some value, in violation of Articles 86, 92, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 121 [hereinafter UCMJ]. Moreover, the military judge convicted appellant, contrary to his pleas, of three additional specifications of larceny of property of some value. The military judge sentenced appellant to a bad-conduct discharge, confinement for ten months, forfeiture of all pay and allowances, and to be reduced to the grade of E-1. The convening authority approved the adjudged sentence and credited appellant with twenty-five days of confinement credit.

CULVERHOUSE—ARMY 20120233

This case is before us for review under Article 66, UCMJ. Appellant raises two assignments of error to this court, one of which merits discussion but no relief.

**BACKGROUND**

During presentencing defense counsel admitted as Defense Exhibit I (DE-I), a "Good Soldier Book" in extenuation and mitigation. This exhibit included various letters, photographs, awards, and citations highlighting different accomplishments and relationships as well as challenges and adversity in appellant's life. Among these matters was a digital versatile disc (DVD) that contained a slideshow set to music depicting appellant and his former wife. Defense counsel explained this exhibit "demonstrates to the court how in love [appellant] was with his [former wife], how well they worked together then, and then shows the effect of her leaving him . . . how it affected him."[1]

At the conclusion of appellant's court-martial in March 2012, the military judge permitted appellant's trial defense team to retain some of the photographs and documents from his Good Soldier Book and then substitute copies into the record of trial so the originals could be returned to appellant. Specifically, after trial, the noncommissioned officer in charge (NCOIC) of the Trial Defense Service (TDS) office asked for the DVD in order to make copies and send the original back to appellant's mother. Erroneously, he sent the original DVD back to appellant's mother without making copies. In a memorandum completed in June 2012, the NCOIC further explained that multiple efforts to retrieve the DVD from appellant's mother had failed. Seven weeks later the acting staff judge advocate completed his post-trial recommendation (SJAR) to the convening authority without any mention of the missing DVD.

Approximately five weeks later, defense counsel submitted clemency matters to the convening authority—pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105—omitting any reference to the DVD or how appellant's relationship with his former wife affected his behavior. Instead, defense counsel[2] focused narrowly on claims the government did not disclose potentially exculpatory information before appellant's trial, and that the military judge committed errors relating to the admission of specific evidence during the court-martial.

---

[1] Appellant's mother testified during presentencing and explained appellant was "devastated" after his wife left him. In his unsworn statement, appellant explained that he and his former wife "started having problems" after his return from a deployment to Afghanistan, and she "ended up leaving [him]."

[2] The same defense counsel that represented appellant at trial also submitted appellant's clemency matters.

On appeal, appellate defense counsel asserted that the missing DVD amounted to a "substantial omission" from the record, thereby precluding this court from affirming a punitive discharge "or any other punishment that exceeds that which could be imposed by a special court-martial." The government responded by filing a motion requesting this court issue a subpoena to appellant's mother to compel production of the missing DVD.

This court then directed the government to answer whether the missing DVD was "relevant to and necessary to the disposition of appellant's case on appeal" and if the government "concede[d] the missing DVD [was] a substantial omission from the record of trial." The government responded by arguing the DVD would "contribute to [its] response in a positive way" but did not concede its absence was a substantial omission from the record. It also renewed its request that this court compel production of the DVD from appellant's mother. Appellate defense counsel answered that even if the DVD was produced, "a more fundamental issue is that there is no evidence that the convening authority was ever able to view the exhibit when determining what action to take in the case."

On 20 September 2013, this court issued a Subpoena Duces Tecum, ordering appellant's mother to deliver the missing DVD to the court within five weeks. On 21 October 2013, the DVD was secured from appellant's mother by an agent from the U.S. Army Criminal Investigative Command, and a copy of the disc was forwarded to government appellate counsel. The government subsequently filed a brief asserting that the production of the DVD completed the record of trial and that a new convening authority action was unnecessary because there was no "colorable showing of prejudice." This court granted the government's motion to attach a copy of the disc to the record of trial on 4 December 2013.

## LAW AND DISCUSSION

The question of "whether the record of trial is incomplete, is one that presents a question of law" that this court reviews *de novo*. *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000). "Records of trial that are not substantially verbatim or are incomplete cannot support a sentence that includes a punitive discharge or confinement in excess of 6 months." *Id.* at 111 (citing R.C.M. 1103(b)(2)(B)). "A substantial omission renders a record of trial incomplete and raises a presumption of prejudice . . . . [But] insubstantial omissions . . . do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.* However, here, assuming *arguendo* the incomplete exhibit amounted to a substantial omission from appellant's record of trial, that issue has been rendered moot by the production and attachment of a copy of the DVD to the record.

Nonetheless, we are left to address the corollary issue of whether the government's failure to provide this exhibit to the convening authority prior to his

approval of the findings and sentence in appellant's court-martial mandates a return of the record for a new review and action. We conclude it does not.

Here, it appears the TDS office was responsible for the initial loss of accountability of the DVD contained in DE-I. Though we question the wisdom of proceeding with the SJAR without an express waiver of this issue, defense counsel did not protest the SJA's effort to move the case forward without it nor did he bring this matter to the attention of the convening authority in his R.C.M. 1105 clemency matters.[3] Instead, as noted above, defense counsel focused on other concerns that presumably he and appellant deemed more compelling than the missing DVD.

Notwithstanding the above and more importantly, a careful review of all the extenuation and mitigation evidence offered and admitted during appellant's presentencing case reveals how insignificant this issue was relative to other matters upon which the defense focused. First, the DVD and a few other photographs of appellant and his wife amounted to only two of twenty-four items listed in the "table of contents" of his Good Soldier Book. Other items included letters of support from noncommissioned officers, a NATO Medal citation from Afghanistan, and dozens of pictures of appellant and his family, including his younger brother who suffers from cerebral palsy. Secondly, in addition to the Good Soldier Book, numerous other exhibits were admitted, including 145 pages of appellant's medical records reflecting various physical and emotional maladies, as well as Army medical and substance abuse regulations suggesting his command had inadequately addressed his needs. Lastly, although appellant's unsworn statement, his mother's testimony, and defense counsel's presentencing argument each briefly touched on appellant's failed marriage, all of these ultimately focused more on his relationship with his younger brother and the Army's failure to sufficiently address his physical and mental health problems.

In order for appellant to obtain relief under these circumstances, he must make a "colorable showing of possible prejudice" resulting from the omission of mitigating evidence that should have been considered by the convening authority before taking action on his case. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000) (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)); *see also United States v. Scalo*, 60 M.J. 435 (C.A.A.F. 2005) ("If defense counsel does not make a timely comment on an omission in the SJA's recommendation, the error is waived unless it is prejudicial under plain error analysis."). Here, appellant does

---

[3] Though not dispositive, it is worth noting that R.C.M. 1107(b)(3)(A) enumerates matters the convening authority "*shall* consider" before taking action, while 1107(b)(3)(B) alludes to additional matters the convening authority "*may* consider" before taking action. (emphasis added). Among the items included in R.C.M. 1107(b)(3)(A) are "any matters submitted by the accused under R.C.M. 1105." On the other hand, the "record of trial" falls under 1107(b)(3)(B).

not meet this burden. He was convicted of multiple offenses at a general court-martial and his adjudged sentence to confinement was actually lower than the sentence cap agreed to by the convening authority. It was appellant's own defense team that created the initial problem by failing to copy the DVD as promised, and his defense counsel did not even comment on its absence in the R.C.M. 1105/1106 submission. Further, while appellant elected not to highlight his failed marriage in his clemency submission, it was still referenced in various other matters in the record of trial available to the convening authority.[4] Under the totality of the circumstances, we find the insubstantial omission of the DVD from the record available to the convening authority created no prejudice to appellant's opportunity for clemency.

## CONCLUSION

On consideration of the entire record and submissions of the parties, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge COOK and Judge CAMPANELLA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] In fact, the government initially objected to the DVD as merely cumulative with other admitted evidence showing appellant's one-time affection for and closeness with his former wife.