*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
CRISFIELD, STEPHENS, and LAWRENCE
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Oswaldo A. PEPPER**
Sergeant (E-5), U.S. Marine Corps
Appellant

**No. 201900044**

Decided: 29 June 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Keaton H. Harrell (arraignment)
Glen R. Hines (trial)

Sentence adjudged 28 November 2018 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to E-1, confinement for 15 months, and a dishonorable discharge.

For Appellant:
*Commander Robert D. Evans, Jr., JAGC, USN*

For Appellee:
*Lieutenant Commander Timothy C. Ceder, JAGC, USN*
*Lieutenant Kurt W. Siegal, JAGC, USN*

_____

**This opinion does not serve as binding precedent,
but may be cited as persuasive authority under
NMCCA Rule of Practice and Procedure 30.2.**

—————————————————

PER CURIAM:

Appellant was convicted in accordance with his pleas of attempted sexual abuse of a child, attempted sexual assault of a child, and attempted receipt of child pornography, all in violation of Article 80, Uniform Code of Military Justice [UCMJ].[1] Appellant responded to a social media post and believed he was communicating with a 14-year-old girl who lived with her mother and active duty stepfather in Camp Lejeune's family housing. For nearly three weeks, Appellant requested naked pictures of her, sent her pictures of his genitals, and graphically described sexual acts in which he hoped to engage with her. Unbeknownst to Appellant, he was talking with an undercover Naval Criminal Investigative Service [NCIS] special agent. Appellant was apprehended when he arrived at the youth pavilion on base, intending to execute his plan to have sex with this child in his truck.

Appellant avers in two assignments of error [AOEs] that: (1) his case should be remanded for new post-trial processing because the Government failed to submit a properly authenticated record for post-trial processing and appellate review; and (2) in masquerading as a minor, the NCIS special agent violated the terms of use of the social media application he used, thereby entrapping Appellant.[2] Having considered this latter AOE, we find it without merit and warranting neither discussion nor relief.[3]

Concerning his first AOE, Appellant asserts his case should be remanded for new post-trial processing because neither the military judge nor the trial counsel who participated in the arraignment authenticated that portion of the record of trial. According to Appellant, this constitutes an incomplete

---

[1] 10 U.S.C. § 880 (2016).

[2] AOE 2 was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] *United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987).

record not allowing for our review under Article 66, UCMJ.[4] We review de novo whether a record of trial is complete.[5]

When more than one military judge presides over trial proceedings, each is required to "authenticate the record of the proceedings over which that military judge presided . . . ."[6] Here, there were two different military judges. The first conducted only the arraignment, covering 9 pages with reserved forum choice and pleadings. The second presided over the remaining 73 pages of the record, consisting of substantive decisions from Appellant on these same issues, the providence inquiry, findings, and sentencing to adjournment. However, Appellant does not challenge the authenticity or the accuracy of the transcribed record. Nor does he allege any substantive prejudice befell him as a result of the first military judge's failure to authenticate the first session of his court-martial.[7] Were this error unresolved, we would find it harmless.[8]

In response, the Government moved to attach to the record of trial an authentication page signed by the judge who presided over the arraignment session, and this Court granted the Government's motion. Therefore, the record is complete, and this alleged error is without merit.

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and the sentence are correct in law and fact and that there is no error materially prejudicial to Appellant's substantial rights. Arts. 59, 66, UCMJ. Accordingly, the findings and the sentence as approved by the convening authority are **AFFIRMED**.

---

[4] 10 U.S.C. **§** 866 (2016).

[5] *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000).

[6] Rule for Courts-Martial 1104(a)(2)(A).

[7] *See* Appellant's Brief of 2 Apr 2019 at 10 ("Sergeant Pepper has suffered prejudice in that he has been denied proper post-trial review.")

[8] *See United States v. Merz*, 50 M.J. 850, 854 (N-M. Ct. Crim. App. 1999) ("Where the matters addressed in the brief initial session of appellant's court-martial were repeated by [the presiding military judge] in the next session of the court-martial, and where the appellant has identified no errors in the record, it is not necessary to return this case for proper authentication. 'To hold otherwise would be to elevate form over substance and would constitute an unnecessary interference with appellant's interest in receiving a timely review on the merits of his case.'") quoting *United States v. Robinson*, 24 M.J. 649 (N.M.C.M.R. 1987).

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court