UNITED STATES, Appellee,

v.

Keith HENRY, Sergeant, U.S. Army, Appellant.

No. 98–1023.
Crim.App. No. 9402015.

U.S. Court of Appeals for the Armed Forces.

Argued Oct. 27, 1999.

Decided June 21, 2000.

CRAWFORD, C.J., delivered the opinion of the Court, in which SULLIVAN and GIERKE, JJ., and COX, S.J., joined. EFFRON, J., filed a dissenting opinion.

For Appellant: *Captain Marc D.A. Cipriano* (argued); *Colonel Adele H. Odegard* (on brief); *Major Leslie A. Nepper, Major Scott R. Morris,* and *Major Jonathan F. Potter.*

For Appellee: *Captain Katherine M. Kane* (argued); *Colonel Russell S. Estey, Lieutenant Colonel Eugene R. Milhizer,* and

*Captain Mary E. Braisted* (on brief); *Captain Daniel G. Brookhart.*

Chief Judge CRAWFORD delivered the opinion of the Court.

Contrary to his pleas, appellant was convicted of rape and adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934. Officer and enlisted members sentenced him to a dishonorable discharge, confinement for 25 years, forfeiture of $427.20 pay per month for 300 months, and reduction to Private E–1. The convening authority approved the sentence. The Court of Criminal Appeals affirmed in an unpublished opinion.

Before this Court, appellant contends that the military judge abused his discretion by admitting, over defense objection, seven sexually explicit prosecution exhibits because none were relevant to the charges for which appellant was standing trial. In the second granted issue, appellant maintains that his record of trial is incomplete and, thus, incapable of review under Article 66, UCMJ, 10 USC § 866, because five of these aforementioned exhibits are missing, in whole or in part, from the record. 52 MJ 355 (1999). We resolve both issues against appellant.

## FACTS

SR, the 15–year–old daughter of Pilar Henry, told her mother on August 6, 1994, that appellant, her stepfather, had raped her earlier that day. Appellant and SR had left their home to get the victim's bicycle repaired. Instead, appellant drove SR to a wooded area near Mainz, Germany, forced her into the back of the car, and ordered her to remove her clothing. Appellant then raped his stepdaughter.

On August 7, both SR and her mother gave sworn statements at the Criminal Investigation Command (CID) office. During the course of that interview, SR informed the agents that appellant had been sexually assaulting and sodomizing her during the previous 2 years. The young victim also informed the CID agent that more recently, while living in Wiesbaden, appellant had SR "watch pornographic videos with him" in their government quarters.

Based on SR's statements, CID agents got command authorization, as well as appellant's written consent, to search his quarters for "pornographic material." No videos containing pornography were found. Agents did find and seize a *Hustler* magazine (Prosecution Exhibits 43 and 44), one issue of *High Society* (Pros. Ex. 45), three *Leisure Time Products* catalogs (Pros. Exs. 39 thru 41), and one *Globe* sales catalog (Pros. Ex. 42), all of which afforded the reader an opportunity to purchase sexually explicit videotapes.

Appellant was charged with raping SR on August 6, 1994, committing forcible sodomy with SR between June 1992 and August 1994, indecently assaulting SR between June 1992 and August 1994, committing adultery with SR on August 6, and assaulting his wife on August 7.

At trial, the defense objected to the introduction of Exhibits 39 through 45 on the basis of relevancy. *See* Mil.R.Evid. 401, 402, and 403, Manual for Courts–Martial, United States (1998 ed.). After hearing Mrs. Henry's testimony to the effect that there were pornographic materials such as *Hustler* magazine in their quarters, as well as hearing SR recant and say that she had not watched pornographic movies or looked at sexually explicit magazines with her stepfather, the military judge admitted the seven exhibits in question.

Prosecution Exhibit 39 (three pages depicting pornographic videos offered by *Leisure Time Products*) was included in the record of trial in its entirety. Photographs depicting the front covers of Prosecution Exhibits 40, 41, 42, and 45 were also included. The actual front and back magazine covers of Prosecution Exhibit 43 (August 1993 edition of *Hustler* magazine) were included in the record, and Exhibit 44 is a photograph of page 3 of the August 1993 issue of *Hustler* magazine.

Oral argument in this case was held before this Court on October 27, 1999. On November 12, 1999, in response to appellant's assertion that he was prejudiced by the failure to include Prosecution Exhibits 40, 41,

42, 44, and 45, in their entirety, in the record, we ordered appellee to submit these complete exhibits or identical copies/back issues to the Court. Affidavits submitted by appellee show that Exhibits 40 through 45 were destroyed by the Wiesbaden CID office following appellant's court-martial. The Government has produced a back issue of the *Hustler* magazine in its entirety. Thus, we have a complete issue of the one magazine that comprised both Prosecution Exhibits 43 and 44 at trial. Appellee has been unable to produce alternative copies of the other exhibits.

## DISCUSSION

■ We review evidentiary rulings of a military judge for abuse of discretion, and overturn these rulings only if the judge's findings of fact are clearly erroneous or "his decision is influenced by an erroneous view of the law." *United States v. Sullivan,* 42 MJ 360, 363 (1995); *United States v. Owens,* 51 MJ 204 (1999). Appellant asks us to give the military judge minimal deference in this case because he did not articulate any basis for his ruling on the record, or indicate that he was conducting the balancing analysis required by Mil.R.Evid. 403.

■ Like the court below, we find no abuse of discretion by admitting Prosecution Exhibits 39 through 45. Appellant was charged with indecently assaulting his stepdaughter over a 2–year period. In its attempt to prove appellant guilty of indecent assault, the Government had to show that the acts alleged were done "with the intent to gratify the lust or sexual desires of the accused." Para. 63b(2), Part IV, Manual, *supra.* The magazines were found in a location where the indecent assaults were purported to have occurred. The *Hustler* magazine was dated August 1993, and the *High Society* magazine had a date of October 27, 1992. Both dates fall within the period during which appellant was charged with indecently assaulting his stepdaughter. Possession of such material could be evidence of appellant's sexual desires as alleged. *See* Mil.R.Evid. 401 and 402; *United States v. Whitner,* 51 MJ 457, 461 (1999).

Additionally, at trial, SR refuted her earlier statement and denied watching any pornographic movie with appellant. She also testified that there were no pornographic magazines in the home because her mother would not permit such material in the house. With the evidence in this posture, Prosecution Exhibits 39 through 45 were relevant to rebut SR's in-court testimony and to show that her pretrial statement was more truthful on this issue than her in-court testimony.

Appellant's intent was a contested issue which not only enhanced the probative value of Prosecution Exhibits 39–45, but also justified their admission. *See* Mil.R.Evid. 403. *See United States v. Mann,* 26 MJ 1 (CMA), *cert. denied,* 488 U.S. 824, 109 S.Ct. 72, 102 L.Ed.2d 49 (1988). We hold that the evidence was also relevant because it had a tendency to prove that appellant had a plan to condition his daughter to accept his sexual advances and, thus, satisfy his sexual desires. *See United States v. Acton,* 38 MJ 330, 333 (CMA 1993); *United States v. Palmer,* 29 MJ 929 (AFCMR 1989), *aff'd,* 33 MJ 7 (CMA 1991); *see generally United States v. Hensley,* 52 MJ 391 (2000).

In light of the charges, the evidence, and the young victim's recantation, the judge's decision to admit Prosecution Exhibits 39 through 45 was neither erroneous nor unreasonable nor influenced by an erroneous view of the law. Finally, we note that appellant was not convicted of indecently assaulting his daughter. This acquittal demonstrates that the court members were not inflammed by admission of the sexually explicit material, and carefully weighed the evidence of each offense prior to returning guilty findings for rape and adultery against appellant.

■ The second granted issue, whether the record of trial is incomplete, is one that presents a question of law which this Court will review *de novo.* The requirement that a record of trial be complete and substantially verbatim in order to uphold the validity of a verbatim record sentence is one of jurisdictional proportion that cannot be waived. *See United States v. Gray,* 7 MJ 296 (CMA 1979); *United States v. Whitney,* 23 USCMA

48, 48 CMR 519, 1974 WL 13848 (1974). Records of trial that are not substantially verbatim or are incomplete cannot support a sentence that includes a punitive discharge or confinement in excess of 6 months. RCM 1103(b)(2)(B), Manual, *supra*.

■ A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut. *United States v. McCullah*, 11 MJ 234, 237 (CMA 1981); *United States v. Gray, supra; United States v. Boxdale*, 22 USCMA 414, 47 CMR 351, 1973 WL 14729 (1973). Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one.

Substantial omissions have included unrecorded sidebar conferences that involved the admission of evidence (*United States v. Gray, supra*) and argument concerning court member challenges (*United States v. Sturdivant*, 1 MJ 256 (CMA 1976)). In *United States v. McCullah, supra*, we found the letter of dishonor in a worthless check case which was used to show *mens rea* to be a substantial omission. The Army Court of Criminal Appeals has found the omission of a videotape showing the accused flying during Desert Shield/Storm, which was admitted during the sentencing portion of trial, to be a substantial omission (*United States v. Seal*, 38 MJ 659 (ACMR 1993)). Similarly, in *United States v. Stoffer*, 53 MJ 26 (2000), we concluded that the absence of three defense exhibits was a substantial omission.*

Insubstantial omissions include the absence of photographic exhibits of stolen property (*United States v. Carmans*, 9 MJ 616 (ACMR 1980)), a flier given to the members (*United States v. Johnson*, 33 MJ 1017 (ACMR 1991)), a court member's written question (*United States v. Baker*, 21 MJ 618 (ACMR 1985)), and an accused's personnel record (*United States v. Harper*, 25 MJ 895 (ACMR 1988)).

■ Prosecution Exhibits 39–45 were admitted for the purpose of showing that appellant possessed sexually explicit literature at his quarters from which he could order pornographic videos to show to the victim. Prosecution Exhibit 39, which advertises virtually every type of sexual act on video, is incorporated in its entirety in the record of trial. Appellee has submitted a back issue of the August 1993 edition of *Hustler* magazine to this Court. In reviewing this magazine, it is apparent that Prosecution Exhibits 43 and 44 are parts of the same magazine. On no less than 20 pages in Prosecution Exhibit 44 there are sexually explicit videos advertised, and many of those pages contained forms to facilitate ordering the material. Accordingly, the omission of the remaining exhibits, Prosecution Exhibits 40, 41, 42, and 45 are insubstantial omissions from this record of trial and do not affect its completeness.

The decision of the United States Army Court of Criminal Appeals is affirmed.

EFFRON, Judge (dissenting):

Two magazines and four catalogs apparently containing sexually explicit material were seized during a search of appellant's quarters triggered by the victim's statement that appellant sometimes played sexually explicit videotapes for her in their quarters. The investigators found no such videotapes during the search.

The prosecution offered the magazines and catalogs as evidence at trial, on the theory that the publications contained advertisements for ordering sexually explicit videotapes, which would tend to corroborate the victim's statement that appellant had exposed her to similar material. The military judge admitted the publications into evidence over defense objection, but did not articulate on the record the factors considered under Mil.R.Evid. 403 (requiring the military judge to balance the probative value against the risk of unfair prejudice). *See United States*

---

* In *Stoffer*, none of the extenuation and mitigation exhibits were included in the record of trial. By contrast, this appellant's record of trial is now missing four prosecution exhibits. In light of the material found in Prosecution Exhibits 39, 43,

and 44, relating to sexually explicit videotapes, the absence of four similar exhibits is neither a substantial omission nor prejudicial to appellant's right to a full and fair review of his conviction.

*v. Reynolds,* 29 MJ 105, 109 (CMA 1989) (the balancing test under Mil.R.Evid. 403 is the third prong of the three-part test for determining admissibility of uncharged misconduct under Mil.R.Evid. 404(b)).

The record of trial that reached the appellate courts contained only one of the exhibits at issue in its entirety, Prosecution Exhibit 39. Otherwise, the record contained only the front and back covers of Prosecution Exhibit 44 and photographs of the front covers of Prosecution Exhibits 40, 41, 42, and 45. In response to this Court's order to produce the missing exhibits, the Government stated that those exhibits were destroyed by the local CID office after appellant's court-martial. The Government was able to locate and file a back issue of Prosecution Exhibit 44, but it has been unable to locate copies of the other publications that had been introduced at trial.

The impact of sexually explicit material on a court-martial is likely to depend on both the nature of the charges and the nature of the material. Publications that treat children and sexual matter in a degrading and exploitative manner carry the potential for having a prejudicial impact on a court-martial, particularly in a case involving charges of sexual abuse of a minor. In such a case, it is essential that the military judge articulate the factors used to balance the probative value of such evidence against the risk of unfair prejudice under Mil.R.Evid. 403. Where the military judge has failed to do so, a lower appellate court may nonetheless review the evidence and conduct its own balancing. If the military judge fails to ensure that the evidence at issue is included in the record, however, it is not possible to properly weigh the prejudicial impact of "evidence" that is not described in the record with sufficient particularity. Because the Government has been unable to reconstruct the record, it is necessary to set aside the trial results and return the record for a rehearing. *See United States v. Stoffer,* 53 MJ 26 (2000).