# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39716**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Grabel P.M. GUERRERO**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 18 November 2020

————————————

*Military Judge:* John C. Degnan.

*Approved sentence:* Dishonorable discharge, confinement for 60 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 27 March 2019 by GCM convened at Fairchild Air Force Base, Washington.

*For Appellant:* Major Yolanda D. Miller, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges.*

Senior Judge MINK delivered the opinion of the court, in which Judge Key and Judge Annexstad joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MINK, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and a pretrial agreement (PTA), of two specifications

of knowingly and wrongfully possessing child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1,2] The military judge sentenced Appellant to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Consistent with the terms of the PTA, the convening authority approved only 60 months of confinement, but otherwise approved the sentence as adjudged.

The sole issue raised by Appellant on appeal is whether he is entitled to sentence relief because the record of trial is incomplete and defective. We find no error that materially prejudiced Appellant's substantial rights. We affirm the findings and sentence.

## I. BACKGROUND

In the summer of 2017, Appellant met EM, an adult female, on a dating application. When the two met in person, EM viewed Appellant's cell phone and saw what she estimated was more than 100 photographs and videos of child pornography on the phone. The photographs and videos depicted what EM believed to be pre-pubescent girls performing sexual acts or in sexually suggestive poses. EM asked Appellant why he had the images and he said that he "was into it because it was taboo." EM reported Appellant to the National Center for Missing and Exploited Children (NCMEC). After confirming that Appellant was a member of the Air Force and stationed at Fairchild Air Force Base, NCMEC contacted the Air Force Office of Special Investigations (AFOSI).

During their investigation, AFOSI agents interviewed Appellant, who waived his Article 31, UCMJ, 10 U.S.C. § 831, rights, admitted to possessing and viewing child pornography, and admitted that he knew his conduct was wrongful. A search of Appellant's digital devices by AFOSI revealed more than 1,000 videos and images of suspected child pornography. NCMEC matched 78 of the photographs and 21 of the videos to its database of known and suspected child victims of sexual abuse. AFOSI analyzed an additional 54 images and videos that Appellant stipulated were child pornography. In addition to the digital images and videos of child pornography, Appellant also possessed five

---

[1] Appellant's case was referred to trial prior to 1 January 2019; therefore, all references in this opinion to the Uniform Code of Military Justice and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] In addition, four specifications of knowingly and wrongfully possessing child pornography in violation of Article 134, UCMJ, 10 U.S.C. § 934, were withdrawn prior to the court-martial and dismissed with prejudice after announcement of the sentence.

printed images of child pornography in a binder which was seized from his dormitory room.

Following the conclusion of Appellant's court-martial, the detailed court reporter transcribed the proceedings and assembled the record of trial. In accordance with Rule for Courts-Martial (R.C.M.) 1103(i)(1)(A), the trial counsel examined the record of trial and certified that it was accurate and complete. The trial defense counsel also examined the record of trial in accordance with R.C.M. 1103(i)(1)(B) and raised no concern about its accuracy or completeness, either at that time or when clemency matters were submitted. On 29 April 2019, the detailed court reporter signed the "Attestation of the Transcript." The military judge authenticated the record of trial on 7 May 2019. *See* R.C.M. 1104(a)(2)(A).

## II. DISCUSSION

On appeal, for the first time, Appellant asserts that the record of trial is incomplete or defective because the detailed court reporter did not include the following attestation language in the "Attestation of the Transcript":

> I hereby attest and affirm that I reviewed the transcript of this record in its entirety and that it is an accurate reflection of the proceeding of the court. I used For the Record Gold (FTR) version ___ and Dragon Naturally Speaking (DNS) version ___ to transcribe this.

*See* Air Force Manual (AFMAN) 51-203, *Records of Trial*, Figure A4.2 (4 Sep. 2018), which also provides guidance on assembling records of trial. We find this omission to be insubstantial.

### 1. Law

Whether a record of trial is complete is a question of law we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014) (citation omitted). "Article 54(c)(1), UCMJ, 10 U.S.C. § 854(c)(1), requires a 'complete' record of the proceedings and testimony to be prepared for any general court-martial resulting in a punitive discharge." *United States v. Lovely*, 73 M.J. 658, 676 (A.F. Ct. Crim. App. 2014).

"[T]he threshold question is 'whether the omitted material was substantial,' either qualitatively or quantitatively." *Davenport*, 73 M.J. at 377 (quoting *United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982)) (additional citation omitted). Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999). "A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citing *United States v. McCullah*, 11 M.J. 234, 237

(C.M.A. 1981)) (additional citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.*

Rule for Courts-Martial 1104(a)(1) states: "A record [of trial] is authenticated by the signature of a person specified in this rule who thereby declares that the record accurately reports the proceedings." In a general court-martial, "the military judge present at the end of the proceedings shall authenticate the record of trial, or that portion over which the military judge presided." R.C.M. 1104(a)(2)(A).

### 2. Analysis

As noted above, the detailed court reporter signed a document labeled "Attestation of the Transcript" on 29 April 2019. However, Appellant contends that the court reporter failed to fulfill his sworn duties by not including the attestation language from AFMAN 51-203, thereby calling into question the reliability of the court-martial record. As a result, Appellant requests that we reassess Appellant's sentence to "a level not exceeding that permissible in a trial reported by a nonverbatim transcript." In support of his position, Appellant cites *United States v. Gray*, 7 M.J. 296, 298 (C.M.A 1979), where the United States Court of Military Appeals, the predecessor to the United States Court of Appeals for the Armed Forces, found the omission of the transcript of a sidebar conversation between the military judge and counsel involving a ruling by the military judge to be substantial and therefore authorized reassessment.

As the Government correctly points out, neither the Uniform Code of Military Justice nor the Rules for Courts-Martial require that the court reporter attest to the transcript. In fact, there is no legal requirement either in statute or case law requiring that the court reporter attest to the transcript. The only requirement for such attestation language is contained in AFMAN 51-203, which by its own terms implements standardization of procedures to ensure records of trial "meet basic legal requirements while adequately preserving the court-martial proceedings for appellate review." AFMAN 51-203, ¶ 1.1. In accordance with R.C.M. 1104(a), the military judge who presided over Appellant's entire court-martial was required to authenticate the record of trial as accurately reflecting the proceedings. The military judge did so. Except for the missing attestation language, Appellant has identified no other omission in the record of trial and we find none. We hold that that the omission of the attestation language is insubstantial, that the record of trial is complete, and Appellant is entitled to no relief.

Even assuming *arguendo* that the omission of the attestation language was either qualitatively or quantitatively "substantial," Appellant does not claim

that he was prejudiced by the omission, nor does he raise a presumption of prejudice the Government would have to rebut. *See Henry*, 53 M.J. at 111. In short, the missing attestation language does not affect this court's ability to review Appellant's record of trial and does not prejudice Appellant in any way.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court