# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39990**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Kyle B.E. BUDDE**
Airman Basic (E-1), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 16 September 2021

———————————

*Military Judge:* Matthew N. McCall (arraignment); Andrew R. Norton (arraignment and trial).

*Sentence:* Sentence adjudged 13 August 2020 by GCM convened at Fort George G. Meade, Maryland. Sentence entered by military judge on 15 September 2020: Bad-conduct discharge, confinement for 12 months, and a reprimand.

*For Appellant:* Major Benjamin H. DeYoung, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and MEGINLEY, *Appellate Military Judges*.

Judge MEGINLEY delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge KEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MEGINLEY, Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful use of cocaine on divers occasions, one

specification of wrongful distribution of cocaine on divers occasions, one specification of wrongful use of marijuana, one specification of wrongful use of psilocybin (commonly referred to as mushrooms), one specification of wrongful use of Adderall, one specification of wrongful use of 3,4-methylenedioxymethamphetamine (MDMA) on divers occasions, and one specification of wrongful use of lysergic acid diethylamide (LSD), all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a; and one specification of making a false official statement in violation of Article 107, UCMJ, 10 U.S.C. § 907.[1] Other than issuing Appellant's adjudged reprimand, on 2 September 2020 the convening authority took no action on Appellant's sentence.

Appellant raises two assignments of error, both pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) whether he is entitled to sentence relief because his record of trial is defective and incomplete, and (2) whether Appellant's speedy trial rights under Rule for Courts-Martial (R.C.M.) 707 were violated. Although not raised by Appellant, we also note an issue with the entry of judgment (EoJ), which will also be discussed in this opinion. We have carefully considered Appellant's second issue[2] and find this issue does not warrant further discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987). As for the remaining assignment of error, we find no error that materially prejudices the substantial rights of Appellant, and affirm the findings and sentence.[3]

## I. BACKGROUND

Appellant was initially arraigned on 29 June 2020. On 24 July 2020, a new military judge was appointed to Appellant's case. At Appellant's trial, and on the record, this new military judge stated that at the initial arraignment held

---

[1] All offenses occurred on or after 1 January 2019. Thus, all references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial*, *United States* (2019 ed.). Further, the Military Justice Act of 2016, National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5001–5542 (23 Dec. 2016), as fully implemented by Exec. Order 13,825, 83 Fed. Reg. 9889 (8 Mar. 2018), applied to Appellant's court-martial and post-trial processing.

[2] Pursuant to his plea agreement, Appellant agreed to waive all waivable motions. An unconditional "plea of guilty that results in a finding of guilty waives any speedy trial issue as to that offense." R.C.M. 707(e). Additionally, our superior court, in *United States v. Tippit*, 65 M.J. 69, 75 (C.A.A.F. 2007), held that an unconditional "plea of guilty which results in a finding of guilty" not only waives any speedy trial issue under R.C.M. 707(e), but "also waives any speedy trial issue as to that offense under the Sixth Amendment." U.S. CONST. amend. VI.

[3] The court notes that there is an error in the record of trial transcript. Pages 176–269 are duplicative of pages 82–175. However, we find no prejudice from this irregularity.

on 29 June 2020, "[Appellant's] pleas, forum election, and entry of motions were reserved." Both trial counsel and defense counsel agreed this was correct. Further, trial defense counsel informed the military judge that at the initial arraignment, the parties had a brief conference with the previous military judge, pursuant to R.C.M. 802, where they "simply [ ] discussed the logistics for [ ] arraignment." The record of trial does not include a transcript or a recording of this initial arraignment.

At Appellant's trial on 13 August 2020, the military judge discussed with Appellant his forum rights and entry of pleas, and explained to Appellant,

> [W]hat has just happened is called an Arraignment. You probably received these instructions at your last arraignment, but I will mention it once again. An Arraignment has certain legal consequences, one of which I'd like to explain to you. Under ordinary circumstances, you have the right to be present at every session and stage at your trial, however if you are voluntarily absent at any point in this trial going forward you forfeit your right to be present and future sessions and the trial could go forward even if you're not present up to and including sentencing that will be necessary.

The military judge asked Appellant if he had any questions about what the military judge had told him; Appellant responded he did not.

## II. DISCUSSION

### A. Record of Trial

A complete record of proceedings, including all exhibits and a verbatim transcript, must be prepared for any general court-martial that results in a punitive discharge or more than six months' confinement. Article 54(c)(1), UCMJ, 10 U.S.C. § 854(c)(2); R.C.M. 1112; R.C.M. 1114. Whether a transcript is verbatim, and a trial record complete, are questions of law we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014) (citation omitted). "The requirement that a record of trial be complete and substantially verbatim in order to uphold the validity of a verbatim record sentence is one of jurisdictional proportion that cannot be waived." *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000) (citation omitted).

"Verbatim" for the purposes of a court-martial transcript does not mean word for word, but that the transcript be substantially verbatim. *Davenport*, 73 M.J. at 377 (quoting *United States v. Lashley*, 14 M.J. 7, 8 (C.M.A. 1982)). "[T]he threshold question is whether the omitted material was substantial, either qualitatively or quantitatively." *Id.* (quoting *Lashley*, 14 M.J. at 9) (internal quotation marks omitted). Omissions "are qualitatively substantial if the

substance of the omitted material 'related directly to the sufficiency of the Government's case on the merits' and the 'testimony could not ordinarily have been recalled with any degree of fidelity.'" *Id.* "Omissions are quantitatively substantial unless 'the totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness.'" *Id.* (alteration in original) (quoting *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999). "A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citing *United States v. McCullah*, 11 M.J. 234, 237 (C.M.A. 1981)) (additional citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.*

Looking at the entire record of this case, we find the missing portion of Appellant's initial arraignment on 29 June 2020 is quantitatively substantial. However, we find this error to be harmless. At the beginning of Appellant's trial on 13 August 2020, a newly detailed military judge discussed the detailing and qualifications of the parties, Appellant was advised of his right to counsel, the parties were given the opportunity to challenge the military judge, R.C.M. 802 hearing summaries were placed on the record, the general nature of the charges were read, Appellant was advised of his forum rights, and Appellant made forum selection. Appellant was then rearraigned, where he declared he had no motions and entered his pleas. In taking these steps, the new military judge allowed the Government to overcome any presumption of prejudice, and we find Appellant suffered no prejudice as a result of this omission.

## B. Entry of Judgment Error

Although not raised by Appellant, the EoJ incorrectly documents the findings as to Specification 3 of Charge I, wrongful use of marijuana. Appellant was initially charged with wrongful use of marijuana "on divers occasions;" however, based upon Appellant's providence inquiry, the military judge found Appellant guilty of wrongful use of marijuana on only a single occasion. Once the military judge advised trial counsel that he did not find Appellant's plea of guilty to the language "on divers occasions" to be provident, trial counsel discussed the issue with the convening authority. Although a plea agreement was already in place, given the military judge's disposition, the convening authority agreed to "strike" the language "on divers occasions" without altering or amending the terms of the agreement. On the record, trial counsel advised the military judge of the convening authority's decision and made a pen and ink change to Specification 3 of Charge I on the charge sheet by striking "on divers

occasions" and by placing her initials by the pen and ink change. This change occurred before the military judge entered findings.

In looking at the record, we find that by striking this "on divers occasions" language from Specification 3 of Charge I, the intent of the parties was to withdraw this part of the specification. However, even though this language was stricken (or withdrawn) before findings, the military judge entered a finding of "not guilty" to that part of the specification that alleged "on divers occasions." This was an error, as this part of the specification was withdrawn after arraignment by the convening authority prior to announcement of findings and was no longer before the military judge. As such, the military judge's finding with respect to the "on divers occasions" language was a nullity. *See* R.C.M. 1111(b)(1). Appellant has not claimed any prejudice as a result of this error; however, we direct a correction to the EoJ in our decree.

### III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Consistent with this court's decision, we direct the Chief Trial Judge, Air Force Trial Judiciary, to detail a military judge to correct the EoJ to reflect that the language "on divers occasions" in Specification 3 of Charge I was withdrawn after arraignment, and to make this correction prior to completion of the final order under R.C.M. 1209(b) and Air Force Instruction 51-201, *Administration of Military Justice*, Section 14J (18 Jan. 2019). Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court