# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39990**

———————————

**UNITED STATES**
*Appellee*

v.

**Kyle B.E. BUDDE**
Airman Basic (E-1), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 November 2021

———————————

*Military Judge:* Matthew N. McCall (arraignment); Andrew R. Norton (arraignment and trial).

*Sentence:* Sentence adjudged 13 August 2020 by GCM convened at Fort George G. Meade, Maryland. Sentence entered by military judge on 15 September 2020 and reentered on 18 October 2021: Bad-conduct discharge, confinement for 12 months, and a reprimand.

*For Appellant:* Major Benjamin H. DeYoung, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and MEGINLEY, *Appellate Military Judges*.

Judge MEGINLEY delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge KEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MEGINLEY, Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful use of cocaine on divers occasions, one specification of wrongful distribution of cocaine on divers occasions, one specification of wrongful use of marijuana, one specification of wrongful use of psilocybin (commonly referred to as mushrooms), one specification of wrongful use of Adderall, one specification of wrongful use of 3,4-methylenedioxymethamphetamine (MDMA) on divers occasions, and one specification of wrongful use of lysergic acid diethylamide (LSD), all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a; and one specification of making a false official statement in violation of Article 107, UCMJ, 10 U.S.C. § 907.[1] Other than issuing Appellant's adjudged reprimand, on 2 September 2020 the convening authority took no action on Appellant's sentence.

Appellant raises two assignments of error, both pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) whether he is entitled to sentence relief because his record of trial is defective and incomplete, and (2) whether Appellant's speedy trial rights under Rule for Courts-Martial (R.C.M.) 707 were violated.

On 16 September 2021, we issued an unpublished opinion where we disagreed with Appellant as to his identified errors. *United States v. Budde*, No. ACM 39990, 2021 CCA LEXIS 465 (A.F. Ct. Crim. App. 16 Sep. 2021) (unpub. op.).[2] On 18 October 2021, Appellee moved for reconsideration of this decision; Appellant did not oppose this motion, and as such, we granted Appellee's motion. After reconsideration, we withdraw our opinion dated 16 September 2021 and substitute this opinion. We have carefully considered Appellant's second issue[3] and find this issue does not warrant further discussion or relief. *See*

---

[1] All offenses occurred on or after 1 January 2019. Thus, all references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.). Further, the Military Justice Act of 2016, National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5001–5542 (23 Dec. 2016), as fully implemented by Exec. Order 13,825, 83 Fed. Reg. 9889 (8 Mar. 2018), applied to Appellant's court-martial and post-trial processing.

[2] As part of our original opinion, we ordered a new entry of judgment (EoJ) to correct the findings as to Specification 3 of Charge I. A new EoJ was entered on 18 October 2021, correcting the identified error. We consider that issue resolved.

[3] "Except as provided in R.C.M. 910(a)(2), a plea of guilty which results in a finding of guilty forfeits any speedy trial issue as to that offense, unless affirmatively waived."

*United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987). As for the remaining assignment of error, we find no error that materially prejudices the substantial rights of Appellant, and affirm the findings and sentence.[4]

## I. BACKGROUND

Appellant was initially arraigned on 29 June 2020. On 24 July 2020, a new military judge was appointed to Appellant's case. At Appellant's trial, and on the record, this new military judge stated that at the initial arraignment held on 29 June 2020, "[Appellant's] pleas, forum election, and entry of motions were reserved." Both trial counsel and defense counsel agreed this was correct. Further, trial defense counsel informed the military judge that at the initial arraignment, the parties had a brief conference with the previous military judge, pursuant to R.C.M. 802, where they "simply [ ] discussed the logistics for [ ] arraignment." The record of trial does not include a transcript or a recording of this initial arraignment.

At Appellant's trial on 13 August 2020, the military judge discussed with Appellant his forum rights and entry of pleas, and explained to Appellant,

> [W]hat has just happened is called an Arraignment. You probably received these instructions at your last arraignment, but I will mention it once again. An Arraignment has certain legal consequences, one of which I'd like to explain to you. Under ordinary circumstances, you have the right to be present at every session and stage at your trial, however if you are voluntarily absent at any point in this trial going forward you forfeit your right to be present and future sessions and the trial could go forward even if you're not present up to and including sentencing that will be necessary.

The military judge asked Appellant if he had any questions about what the military judge had told him; Appellant responded he did not.

## II. DISCUSSION

A complete record of proceedings, including all exhibits and a verbatim transcript, must be prepared for any general court-martial that results in a punitive discharge or more than six months' confinement. Article 54(c)(2),

---

R.C.M. 707(e). Appellant's agreement to "waive all waivable motions" is not enforceable as to his rights to speedy trial. *See* R.C.M. 705(c)(1)(B). However, Appellant's unconditional guilty plea forfeited this issue, and we find no plain error.

[4] The court notes that there is an error in the record of trial transcript. Pages 176–269 are duplicative of pages 82–175. However, we find no prejudice from this irregularity.

UCMJ, 10 U.S.C. § 854(c)(2); R.C.M. 1112; R.C.M. 1114. Whether a transcript is verbatim, and a trial record complete, are questions of law we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014) (citation omitted). "The requirement that a record of trial be complete and substantially verbatim in order to uphold the validity of a verbatim record sentence is one of jurisdictional proportion that cannot be waived." *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000) (citations omitted).

"Verbatim" for the purposes of a court-martial transcript does not mean word for word, but that the transcript be substantially verbatim. *Davenport*, 73 M.J. at 377 (quoting *United States v. Lashley*, 14 M.J. 7, 8 (C.M.A. 1982)). "[T]he threshold question is whether the omitted material was substantial, either qualitatively or quantitatively." *Id.* (quoting *Lashley*, 14 M.J. at 9) (internal quotation marks omitted). Omissions "are qualitatively substantial if the substance of the omitted material 'related directly to the sufficiency of the Government's evidence on the merits,' and the 'testimony could not ordinarily have been recalled with any degree of fidelity.'" *Id.* "Omissions are quantitatively substantial unless 'the totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness.'" *Id.* (omission in original) (quoting *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

Each case is analyzed individually to decide whether an omission is substantial. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999). "A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citing *United States v. McCullah*, 11 M.J. 234, 237 (C.M.A. 1981)) (additional citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.*

Looking at the entire record of this case, we find the missing portion of Appellant's initial arraignment on 29 June 2020 is quantitatively substantial. However, we find this error to be harmless. At the beginning of Appellant's trial on 13 August 2020, a newly detailed military judge discussed the detailing and qualifications of the parties, Appellant was advised of his right to counsel, the parties were given the opportunity to challenge the military judge, R.C.M. 802 hearing summaries were placed on the record, the general nature of the charges were read, Appellant was advised of his forum rights, and Appellant made forum selection. Appellant was then rearraigned, where he declared he had no motions and entered his pleas. In taking these steps, the new military judge allowed the Government to overcome any presumption of prejudice, and we find Appellant suffered no prejudice as a result of this omission.

### III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**. The court's earlier opinion of *United States v. Budde*, No. ACM 39990, 2021 CCA LEXIS 465 (A.F. Ct. Crim. App. 16 Sep. 2021) (unpub. op.), is hereby withdrawn.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court