# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

---

### No. ACM S32724

---

### UNITED STATES
*Appellee*

**v.**

### Alexander J. DUNLEAVY
Airman First Class (E-3), U.S. Air Force, *Appellant*

---

Appeal from the United States Air Force Trial Judiciary

Decided 27 February 2023

---

*Military Judge:* Dayle P. Percle.

*Sentence:* Sentence adjudged on 16 February 2022 by SpCM convened at Dover Air Force Base, Delaware. Sentence entered by military judge on 22 March 2022: Bad-conduct discharge, confinement for 53 days, reduction to E-1, and a reprimand.

*For Appellant:* Major Alexandra K. Fleszar, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Mary Ellen Payne, Esquire.

Before KEY, ANNEXSTAD, and GRUEN, *Appellate Military Judges*.

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

---

PER CURIAM:

On 16 February 2022, a military judge sitting as a special court-martial at Dover Air Force Base (AFB), Delaware, convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful use of cocaine on divers occasions; one specification of wrongful use of 3,4-methylenedioxyamphetamine (MDA) on one occasion; and one specification of

wrongful use of delta-8-tetrahydrocannabinol (8-THC)[1] on divers occasions, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 53 days, reduction to the grade of E-1, and a reprimand. On 14 March 2022, the convening authority took no action on the findings and approved the sentence in its entirety.

Appellant personally raises one issue for our consideration: whether the record of trial is substantially complete.[3] Specifically, Appellant contends that an attachment to the first indorsement to the charge sheet is missing. Appellant asks that we return the case to the military judge to complete the record of trial. We find the record of trial is complete, and that no relief is warranted.

## I. BACKGROUND

Appellant stipulated at his court-martial that he had provided urine specimens on three separate occasions, all of which returned positive results for controlled substances. The first urine sample was provided by Appellant due to his selection for random urinalysis on 19 August 2021. Appellant's sample was collected by the local drug demand reduction office at Dover AFB and transferred to the Air Force Drug Testing Laboratory (AFDTL), where it tested positive for benzoylecgonine—a metabolite of cocaine—at a concentration above the Department of Defense (DoD) cutoff level. Appellant's command was notified of this result on or about 15 September 2021. Consistent with the *Bickel* policy[4] at Dover AFB requiring members who test positive to provide additional urine samples, Appellant provided another sample on 17 September 2021. This second sample tested positive for cocaine, MDA, and 8-THC at concentrations above the DoD cutoff levels. His command was notified of those results on or about 18 October 2021. Pursuant to the *Bickel* policy, Appellant provided a third sample on 19 October 2021, which also tested positive for 8-THC. These results led to Appellant being charged with the offenses to which he pleaded guilty.

---

[1] MDA and 8-THC are Schedule I controlled substances.

[2] References to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Appellant raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] *See United States v. Bickel*, 30 M.J. 277, 288 (C.M.A. 1990) (holding that the testing of servicemember's urine for drugs pursuant to an inspection is constitutionally valid and that a subsequent test is a continuation of the original inspection).

Included in Appellant's record of trial is his charge sheet and a separate document identified as the first indorsement to the charge sheet. The first indorsement lists five attachments: (1) Appellant's Personal Data Sheet; (2) the security forces' report of investigation; (3) Appellant's "Positive Bickel Report, dated 18 October 2021, 8 pages;" (4) Appellant's "Positive Bickel Report, dated 15 November 2021, 8 pages;" and (5) Appellant's interview with security forces.

In the record of trial docketed with this court, Attachment 2 to the first indorsement—the report of investigation—includes evidence regarding Appellant's first urinalysis. Attachment 3 relates to his second urinalysis. Attachment 4, however, is an eight-page AFDTL report dated 15 November 2021 detailing the results and chain of custody for a urine sample collected from Appellant on 25 October 2021. The attachment indicates the results for this sample show a positive result for 8-THC. Our review of page three of Attachment 4 indicates that the sample was provided pursuant to a random collection rather than a *Bickel* test. Thus, the attachments to the first indorsement do not reference Appellant's third urinalysis, but they do refer to a fourth urinalysis which was not raised nor mentioned at Appellant's court-martial.

At his court-martial, Appellant did not assert any errors in the preferral process or during the pretrial discovery phase.

## II. LAW AND ANALYSIS

Whether the record of trial is complete is a question of law that we review de novo. *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000). Appellate courts understand that inevitably records will be imperfect, and therefore we only review for substantial omissions. *United States v. Lashley*, 14 M.J. 7, 8 (C.M.A. 1982). We determine what constitutes a substantial omission on a case-by-case basis. *United States v. Abrams,* 50 M.J. 361, 363 (C.A.A.F. 1999) (citations omitted). "Omissions are quantitatively substantial unless the totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness." *United States v. Davenport*, 73 M.J. 373, 377 (C.A.A.F. 2014) (omission in original) (internal quotation marks and citations omitted).

A substantial omission renders the record incomplete and raises a presumption of prejudice that the Government must rebut. *Henry*, 53 M.J. at 111 (citing *United States v. McCullah*, 11 M.J. 234, 237 (C.M.A. 1981)). "Insubstantial omissions . . . do not raise a presumption of prejudice or affect th[e] record's characterization as [ ] complete. . . . " *Id.*

Appellant asserts that the first indorsement to the charge sheet is missing Attachment 4, which he argues should be the urinalysis report from Appellant's third urinalysis, that is, his second *Bickel* test which was collected on 19

October 2021. He contends that this omission "renders the record incomplete and warrants relief." Without deciding whether an attachment to the first indorsement to the charge sheet is required to be included in the record of trial, we do not find any document missing from the record of trial. We find that all eight pages of Attachment 4 to the first indorsement are included in the record of trial. Here, it is clear that the first indorsement to the charge sheet contained a scrivener's error, in that it listed the 15 November 2021 urinalysis report as a "Positive Bickel Report" when, in fact, it was actually reporting the results from a random test. The number of pages of the attachment, along with the collection and report dates, offer ample support for this conclusion.

The disconnect, if there is one, is that Attachment 4 relates to a urinalysis which was not addressed at Appellant's court-martial, while nothing attached to the first indorsement discusses Appellant's third urinalysis. We are aware of no requirement for the Government to attach all relevant evidence to a first indorsement, and Appellant cites to none. In any event, everything listed as an attachment to the first indorsement is, in fact, attached to the indorsement. Therefore, we find no omission, substantial or otherwise, from the record of trial and that the record of trial is complete.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED.**

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court