# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40350**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Kaye P. DONLEY**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 19 March 2024

————————————

*Military Judge*: Brett A. Landry.

*Sentence*: Sentence adjudged 24 May 2022 by GCM convened at Fairchild Air Force Base, Washington. Sentence entered by military judge on 21 July 2022: Dishonorable discharge, confinement for 3 years, reduction to E-3, and a reprimand.

*For Appellant*: Major Samantha P. Golseth, USAF.

*For Appellee*: Lieutenant Colonel J. Peter Ferrell, USAF; Major Olivia B. Hoff, USAF; Captain Tyler L. Washburn, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, CADOTTE, and MASON, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge CADOTTE joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MASON, Judge:

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of sexual assault in

violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, as well as one specification of assault consummated by a battery upon his spouse in violation of Article 128, UCMJ, 10 U.S.C. § 928.[1,2] Appellant was sentenced to a dishonorable discharge, confinement for three years, reduction to the grade of E-3, and a reprimand. The convening authority took no action on the findings or sentence.

Appellant raises six issues on appeal: (1) whether this court is unable to conduct its Article 66, UCMJ, 10 U.S.C. § 866, review because the verdict is ambiguous where the Government introduced two acts that could satisfy the elements of Specification 4 of Charge II when only one act was charged, the members received no instruction on which of the two acts was the charged act, and there is no way to know which act the members voted on, or whether they agreed on the same act; (2) whether the military judge committed prejudicial error by directing the members, without proper instruction, to review their completed findings worksheet and discuss whether six of the seven remaining members agreed on their findings when the panel president was excused before announcement of the findings; (3) whether Appellant was deprived of his right to a unanimous verdict as guaranteed by the Sixth Amendment,[3] the Fifth Amendment's[4] due process clause, and the Fifth Amendment's right to equal protection; (4) whether Appellant's record of trial is substantially incomplete because it omits the military judge's ruling on the Defense Motion in Limine to Exclude Evidence and Argument Pursuant to Mil. R. Evid. 404(b), which should have been captured in Appellate Exhibit XXX; (5) whether the Government's submission of an incomplete record of trial with this court does not "toll the presumption of post-trial delay" under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), and its progeny, when the Government's submission to this court is missing a required item under R.C.M. 1112(b); and (6) whether the military judge erred by denying a defense motion to compel production of mental health records for an *in camera* review.

Regarding issue (4), we agree with Appellant that the record of trial is substantially incomplete and, consistent with his request, remand the case for the

---

[1] All references to the UCMJ, the Military Rules of Evidence, and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant was acquitted of three specifications of rape in violation of Article 120, UCMJ; and two specifications of aggravated assault and two specifications of battery upon a child in violation of Article 128, UCMJ, 10 U.S.C. § 928.

[3] U.S. CONST. amend. VI.

[4] U.S. CONST. amend. V.

record of trial to be corrected. Specifically, we remand to correct the missing Appellate Exhibit XXX, the military judge's ruling on Defense's Second Motion in Limine to Exclude Evidence and Argument Pursuant to Mil. R. Evid. 404(b). We defer addressing Appellant's remaining assignments of error until the record is returned to this court for completion of our Article 66(d), UCMJ, review.

## I. BACKGROUND

Following Appellant's arraignment, trial defense counsel filed several pretrial motions—two of which were motions in limine to preclude admission of evidence pursuant to Mil. R. Evid. 404(b). Later, at an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session, the military judge issued two rulings on the Mil. R. Evid. 404(b) motions, marked as Appellate Exhibits XXIX and XXX. The record of trial contains identical copies of the military judge's ruling on the first motion in limine, one marked as Appellate Exhibit XXIX and the other marked as Appellate Exhibit XXX. The record of trial does not contain the military judge's ruling on the second motion in limine.

After Appellant filed his assignments of error, Appellee filed a motion to attach the missing ruling. We granted the motion.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004).

"Each general or special court-martial shall keep a separate record of the proceedings in each case brought before it." Article 54, UCMJ, 10 U.S.C. § 854. Rule for Courts-Martial (R.C.M.) 1112(b) sets forth the contents required to be contained in a record of trial. Amongst those contents are appellate exhibits. R.C.M. 1112(b)(6).

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citing *United States v. McCullah*, 11 M.J. 234, 237 (C.M.A. 1981)) (additional citation omitted).

Appellee concedes that the failure to include the military judge's ruling on the second motion in limine pursuant to Mil. R. Evid. 404(b) constitutes a substantial omission that raises a presumption of prejudice but argues that the presumption is overcome. Under the circumstances of this case, we disagree.

In reviewing the attached ruling, it appears that the military judge denied the motion in part and permitted the admission of some of the disputed evidence at trial. Given the intertwined nature of the offenses, factual

background, and mixed findings involved in this case, the Government has not overcome the presumption of prejudice resulting from the omission of this ruling from the record of trial. Coupled with the relative ease of remedying the omission, the most appropriate action in this case is remanding it for correction of the record of trial.

Moreover, though we are making no determination on the propriety of the ruling or the extent of its effect upon the findings or sentence at this time, Appellant should be provided an opportunity to review this ruling and raise applicable assignment(s) of error to the extent that he has legal basis to believe prejudicial error occurred.

### III. CONCLUSION

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the record; specifically, to ensure completion of the record of trial, including the correct Appellate Exhibit XXX, the military judge's ruling on the Defense's Second Motion in Limine to Exclude Evidence and Argument Pursuant to Mil. R. Evid. 404(b), and any other portion of the record that is determined to be missing or defective hereafter. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); R.C.M. 1112(d).

The record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d), not later than **15 April 2024**.

Should the 15 April 2024 deadline not be met, the Chief Trial Judge, Air Force Trial Judiciary, or his designee, shall provide a memorandum for record explaining the delay **not later than 16 April 2024** to the Government Trial and Appellate Operations Division (JAJG) to submit to this court as a motion to attach. Until the record of trial is returned to the court, a memorandum for record will be prepared every seven days thereafter.

Any subsequent assignment of error filing must be submitted by Appellant **not later than 30 days** after the record is returned to the court. *See* JT. CT. CRIM. APP. R. 32. Any answer must be submitted by Appellee **not later than 15 days** from the filing of any additional assignment(s) of error. *See id*. Appellant must submit a reply, if any, **not later than seven days** after the filing of an answer brief. *See* JT. CT. CRIM. APP. R. 18(d).

Requests for an enlargement of time to file any of the above will not be granted absent extraordinary circumstances.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court