# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40009**

————————————

**UNITED STATES**
*Appellee*

**v.**

**George S. GARCIA-ARCOS**

Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 June 2022

————————————

*Military Judge:* Rebecca E. Schmidt.

*Sentence:* Sentence adjudged on 30 September 2020 by GCM convened at Creech Air Force Base, Nevada. Sentence entered by military judge on 29 October 2020: Dishonorable discharge, confinement for 22 months, total forfeiture of pay and allowances, and reduction to E-1.

*For Appellant:* Major Ryan S. Crnkovich, USAF.

*For Appellee:* Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and CADOTTE, Appellate Military Judges.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A general court-martial composed of a military judge sitting alone convicted Appellant, consistent with his pleas, of one charge and two specifications of aggravated assault in which grievous bodily harm was inflicted on another

person in violation of Article 128(b)(2), UCMJ, 10 U.S.C. § 928(b)(2).[1] Appellant's plea to the first specification established that he stabbed one Airman with a knife, thereby inflicting two deep cuts to that Airman's neck. Appellant's plea to the second specification established that he cut a second Airman with a knife, thereby inflicting a deep cut to that Airman's chin. Appellant entered pleas pursuant to a plea agreement he made with the convening authority who referred the charge and specifications to trial by court-martial.

## I. BACKGROUND

At Appellant's court-martial, the military judge accepted his pleas and announced findings of guilty. Appellant was sentenced to a dishonorable discharge, to be confined for 22 months, to forfeit all pay and allowances,[2] and to be reduced to the grade of E-1. When the military judge announced the sentence, she ordered three days' credit against the term of confinement for time Appellant spent in pretrial confinement. After sentencing, the convening authority took no action, and the military judge entered the findings and sentence as the judgment of the court-martial. On 6 January 2021, the court reporter certified that "the Record of Trial [w]as accurate and complete in accordance with [Rule for Courts-Martial (R.C.M.)] 1112(b)." On 21 January 2021, the record was docketed with the court.

On appeal, Appellant seeks relief because the Government submitted an incomplete record of trial to the court. In that regard, Appellant asks whether: (1) his record of trial is substantially complete; and (2) he is entitled to relief for unreasonable post-trial delay because the Government submitted an incomplete record.[3] Both issues are founded on an audio recording of a 911 phone call on the night of the assaults. A copy of that recording was one of seven attachments to a stipulation of fact that was admitted as a prosecution exhibit. In addition to these raised issues, the court considers a related matter that was revealed in our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review. During that review, the court discovered Appellate Exhibits IX through XIII had been identified in the verbatim transcript of the proceedings, but each of these five exhibits was omitted from the original record.

---

[1] References to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The military judge entered a sentence relating to forfeitures as follows: "Forfeitures of Pay and/or Allowances: Total." Assuming error, we find the irregularity is harmless.

[3] Appellant personally raised issue (2) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

After Appellant submitted issues (1) and (2) to the court, and before the court discovered Appellate Exhibits IX through XIII were missing, the Government moved, without objection from Appellant, to attach to the appellate record what it described as a copy of the 911 recording at issue along with a declaration from the trial counsel. In that declaration, trial counsel attested to the authenticity of the recording as a "true and accurate version" of the attachment to the stipulation of fact "that was admitted at trial." The court granted the motion, thereby attaching trial counsel's declaration and the recording to the appellate record.

When the court discovered that five appellate exhibits were missing, we ordered the Government to show good cause why we should not remand the record for correction. In response, the Government explained that copies of the five exhibits that are missing from the original record are present in both the Government's and Appellant's counsel's copy of the record. At the same time, the Government moved, without objection from Appellant, to attach another declaration from the same trial counsel. That second declaration included five attachments that trial counsel identified as Appellate Exhibits IX through XIII that are missing from the original record.

In her second declaration, trial counsel explained that Government Appellate Counsel had provided trial counsel with a copy of each of the five appellate exhibits that were included in the Government's copy of the record. Trial counsel compared those copies with the case file at the base legal office. Trial counsel determined that the copies maintained at the base legal office "match both Government Appellate Counsel's copies and what was introduced at trial." Attached to her declaration, trial counsel included five appellate exhibits that were identified on the record of the court-martial proceeding, which trial counsel described in her declaration as follows:

> Appellate Exhibit IX is a 4-page Defense Rebuttal to Government's Supplement for Change of Venue, dated 17 June 2020. Appellate Exhibit X is a 4-page Ruling on Government Motion for Change of Venue, dated 30 June 2020. Appellate Exhibit XI is a 30-page Government Motion for Reconsideration, dated 16 June 2020. Appellate Exhibit XII is a 7-page Defense Response to Government's Request for Reconsideration, dated 23 July 2020. Appellate Exhibit XIII is a 6-page Government Reply to Defense's Response to Reconsideration Motion, dated 29 July 2020.

Trial counsel then attested to the authenticity of these documents: "To the best of my recollection, the attachments are a true and accurate versions [sic] of Appellate Exhibit IX, Appellate Exhibit X, Appellate Exhibit XI, Appellate

Exhibit XII, and Appellate Exhibit XIII." In its motion to attach, the Government avers that this second trial counsel declaration was responsive to the court's order to show cause, and that the record should not be remanded for correction. The court granted the motion, thereby attaching trial counsel's second declaration and the five attachments to the appellate record.

## II. DISCUSSION

We find that the matter of the incomplete prosecution exhibit and missing appellate exhibits is raised by the record, and thus we may consider the declarations and their attachments in conducting our review. *See United States v. Jessie*, 79 M.J. 437, 444 (C.A.A.F. 2020) (holding Courts of Criminal Appeals may consider affidavits when doing so is necessary to resolve issues raised by materials in the record). The court considers both declarations and their attachments to resolve whether relief is warranted.

In doing so, we do not consider the attachments to the appellate record as a means to complete the record; we assume our granting both motions does not change the fact that the record, as certified and submitted to the court, is incomplete. The Government was required to include trial exhibits in the record. R.C.M. 1112(b)(6). Here, the Government manifestly failed to submit a complete record. In that regard, "[a] substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted). However, "[i]nsubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.*

Without reaching the question whether the omissions were individually or collectively substantial, we find the Government has sufficiently shown Appellant was not prejudiced. It is clear that the military judge had the 911 recording during the providence inquiry and sentencing. Appellant's clemency request made no reference to the content of the recording or otherwise challenge the legality of his pleas or sentence. Because the recording has been provided to the court, and Appellant does not challenge its authenticity, we are not hindered in conducting our review of the providence of the pleas. As for the missing appellate exhibits that relate to the Government's motion to change venue, we again note that Appellant did not raise this issue in clemency. We also note that the attachments to trial counsel's second declaration were identified on the record and adequately explain how the military judge ultimately reached the conclusion to grant the motion. Appellant did not prevail on this issue at trial, and the military judge's ruling, marked as Appellate Exhibit XIV, was properly included in the record that was submitted to the court. We were not hindered in conducting our review of this issue. Therefore, the Government

has rebutted the presumption of prejudice and Appellant is not entitled to relief. Accordingly, we do not order the record returned for correction under R.C.M. 1112(d).

As to the second issue raised by Appellant, the court considers whether Appellant is entitled to relief due to delay caused by submission of an incomplete record. We examine whether Appellant is entitled to relief under standards established for facially unreasonable delay in *United States v. Moreno*, 63 M.J. 129, 142–43 (C.A.A.F. 2006), and that this court articulated in *United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020) (deducing aggregate standard from standards announced by our superior court in *Moreno*). Appellant argues he is entitled to a presumption of unreasonable delay because a complete record has never been submitted to the court, and thus "the Government did not comply with the 150-day *Livak* timeframe. As such, that clock continues to tick." However, neither *Moreno* nor *Livak* articulate standards for presumptively unreasonable post-trial delay premised on an incomplete record. We are not persuaded in this case to adopt such a presumption where a record of trial is docketed by the court within standards established in *Moreno* and *Livak*, but is later discovered to be incomplete. The record that was submitted to the court did not completely preclude appellate review, unlike a circumstance addressed by *Moreno* where the case had not been docketed for some time and the delay was unexplained. 63 M.J. at 137.

Under Article 66, UCMJ, we have authority to grant sentence relief for excessive post-trial delay without a showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) (citation omitted); *see also United States v. Harvey*, 64 M.J. 13, 25 (C.A.A.F. 2006). The delay in this case did not cause Appellant to serve unwarranted confinement and was not so egregious that it adversely affects the public's perception of the fairness and integrity of the military justice system. As a result, there is no due process violation. *See United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). We determine that Appellant is not due relief even in the absence of a due process violation. *See Tardif*, 57 M.J. at 223–24. Applying the factors articulated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we find relief for Appellant is not warranted.

## III. Conclusion

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

Accordingly, the findings and the sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court