**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**Antonio M. QUEVEDO,**
**Electrician's Mate Third Class (E-4), U.S. Coast Guard**

**CGCMS 24286**

**Docket No. 1224**

**10 January 2006**

Special Court-Martial convened by Commanding Officer, Coast Guard Maritime Safety & Security Team 91105. Tried at Coast Guard Island, Alameda, California, on 8 July 2004.

| | |
|---|---|
| Military Judge: | CDR Steven J. Andersen, USCG |
| Trial Counsel: | LT J. Trent Warner, USCGR |
| Assistant Trial Counsel: | LT Cassie A. Cioci, USCGR |
| Defense Counsel: | LT Ty A. Ford, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

**BEFORE**
**PANEL THREE**
**BAUM, KANTOR, & MCCLELLAND**
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: two specifications of failure to go at the time prescribed to his appointed place of duty and one specification of unauthorized absence from his place of duty for one day, in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of failure to obey a lawful order from a second class petty officer to report to the clinic for an evaluation, in violation of Article 92, UCMJ; and one specification of assault on a female seaman by unlawfully placing his hand down the front of her pants, in violation of Article 128, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, confinement for ninety days, and

reduction to E-2. The Convening Authority approved the sentence as adjudged. The pretrial agreement had no effect on the sentence.

Before this Court, Appellant has assigned as error that the omission of exhibits from the Article 32, UCMJ, Investigating Officer's report renders the record of trial incomplete. If there is a substantial omission from a record of trial, a presumption of prejudice is raised which the Government must rebut. *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000). Moreover, records of trial that are not substantially complete cannot support a sentence that includes a punitive discharge. Article 54(c), UCMJ; Rule for Courts-Martial 1103(b)(2)(B), Manual for Courts-Martial, United States (2002 ed.). While an Article 32 investigation is required prior to referral of charges to a general court-martial, one is not necessary for a special court-martial, and the attachment of such an investigative report to a special court-martial record of trial does not make it a substantial part of that record. No reference was made to the report in this case during the trial, and it apparently was not utilized in any manner. Omission of the entire report would have been an insubstantial omission, and the fact that it was nevertheless attached to the record, but without certain exhibits, does not somehow cause the record to be incomplete. The assignment is deemed to be without merit.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Jane R. Lim
Clerk of the Court