# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

No. 201600397

———————————————

## UNITED STATES OF AMERICA
Appellee

v.

## ARTHUR W. MILLER, JR.
Electronics Technician (Non-Nuclear, Submarine Navigation) Second Class (E-5), U.S. Navy
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major Robert D. Merrill, USMC.
Convening Authority: Commandant, Naval District Washington, Washington Navy Yard, Washington, DC.
Staff Judge Advocate's Recommendation: Commander James A. Link, JAGC, USN.
For Appellant: Commander Robert D. Evans, Jr., JAGC, USN.
For Appellee: Lieutenant Commander Justin C. Henderson, JAGC, USN; Captain Sean M. Monks, USMC.

———————————————

Decided 15 August 2017

———————————————

Before CAMPBELL,[1] FULTON, and LOCHNER, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

[1] Former Senior Judge Campbell took final action in this case prior to detaching from the court.

PER CURIAM:

At an uncontested general court-martial, a military judge convicted the appellant of committing sexual acts upon a child between 12 and 16 years old and producing and viewing child pornography—violations of Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 930b and 934 (2012). The military judge sentenced the appellant to 18 months' confinement, reduction to pay grade E-1, total forfeiture of pay and allowances for 18 months, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant raises two assignments of error: (1) new post-trial processing is required because the record does not prove that the staff judge advocate's recommendation (SJAR) and two SJAR addenda were served on the appellant or his defense counsel, and (2) "the [c]ourt should enter an order directing the government to redact the victim's and her family's personally identifying information or it should otherwise limit public access to the record and associated papers."[2] We conclude the findings and sentence are correct in law and fact and that no error materially prejudicial to the appellant's substantial rights occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

### 1. SJAR Error

The appellant received the SJAR on 30 September 2016 and signed an acknowledgement of service, with the subject line, "STAFF JUDGE ADVOCATE'S RECOMMENDATION ICO UNITED STATES V. ETV2 ARTHUR W. MILLER, JR., USN."[3] On 28 October 2016, his trial defense counsel, LT C, submitted a request for deferment of the adjudged and automatic forfeitures and rank-reduction.

A first addendum to the SJAR, dated 8 November 2016, addressed the victim's legal counsel's request to seal a page of the trial record's allied papers, and it advised the CA to order that page sealed. LT C received the SJAR's first addendum on 8 November 2016 and forwarded the document to the appellant's substitute defense counsel, LT P. In an email to both LT P and the Deputy SJA, LT C explained, in part, "I'm just forwarding the revised SJAR to [LT P] and roping him in, since he's the active duty JAG detailed to [the appellant] given that I'm [now] off active duty. Please include him on future emails just in case I'm out or don't get it right away."[4]

---

[2] Appellant's Brief of 30 Jan 2017 at 17.

[3] Government's Motion to Attach of 22 Mar 2017, Appendix 4 at 5.

[4] *Id.*, Appendix 1 at 2.

On 18 November 2016, the Deputy SJA emailed LT P, "Today is the 10 day expiration for DC to comment on the correction and sealing of the victim's image as new matters ICO U.S. v. Miller. I am writing to confirm you do not desire to comment on the military judge's certificate of correction."[5] LT P sent an email response on 21 November 2016, advising the Deputy SJA that the appellant "does not object to the correction and sealing of portions of the clemency request and SJAR. We don't have any further comments."[6] Afterward, a second addendum to the SJAR explained to the CA that the appellant had an opportunity and declined to comment on the "new matters" raised in the first addendum.[7]

In taking action on the case, the CA noted:

> Per the accused's request on the record, a copy of the [SJAR] was served on the accused's detailed defense counsel on 30 September 2016 in accordance with [RULE FOR COURTS-MARTIAL (R.C.M.) 1106(f), MANUAL FOR COURTS-MARTIAL, UNITED STATES, (2012 ed.) and the Manual for Courts-Martial. The defense counsel submitted a petition for clemency on 28 October 2016 requesting deferment of the adjudged and automatic forfeitures and rank reduction until [CA]'s action. . . .
>
> [A] copy of the [SJAR] Addendum was served on defense counsel on 8 November 2016. The [record of trial (ROT)] was corrected on 9 November 2016 and a portion of the ROT was placed under seal. No comments or objections were submitted by defense counsel to the correction and sealing of the ROT pursuant to R.C.M. 1106(f)(7). A copy of the Second [SJAR] Addendum was served on defense counsel on 23 November 2016.[8]

## 2. Personal information in the record of trial

Only the victim's initials appear on the charge sheet and throughout most of the trial, but various portions of the record contain the victim's full name, the victim's family member's names, their address, and other phone and social media details. A single document that included pictures of the victim

---

[5] *Id.*, Appendix 2 at 1.

[6] *Id.*

[7] SJAR, Second Addendum of 23 Nov 2016 at 1.

[8] General Court-Martial Order No. 1-15 dated 23 Nov 2016 at 3.

was sealed—the subject of the victim's legal counsel's request for correction of the authenticated record.

## II. DISCUSSION

"A complete record of the proceeding and testimony must be prepared . . . in each general court-martial case in which the sentence adjudged includes . . . a discharge[.]" Article 54(c), UCMJ, 10 U.S.C. § 854(c). Completeness of a record of trial is reviewed *de novo*. *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000).

"A complete record is defined as a verbatim transcript." *United States v. Sewell*, No. 201300432, 2014 CCA LEXIS 644, at *9-10 (N-M. Ct. Crim. App. 28 Aug 2014) (citations and internal quotation marks omitted). A "substantial omission" renders a record "incomplete and raises a presumption of prejudice that the Government must rebut;" but "[i]nsubstantial omissions . . . do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Henry*, 53 M.J. at 111.

Pursuant to R.C.M. 1103(b)(3)(G), "[t]he post-trial recommendation of the staff judge advocate or legal officer and proof of service on defense counsel in accordance with R.C.M. 1106(f)(1)" must be attached to a record of trial. "The method of service and the form of the proof of service are not prescribed and may be by any appropriate means." R.C.M. 1106(f)(7) Discussion.

Beyond the statements within the second addendum to the SJAR and the CA's action here, proof that the defense received the SJAR and both SJAR addenda was not attached to the record as forwarded for appellate review. The appellant's signed SJAR service acknowledgement and the Deputy SJA's email correspondence on the SJAR addenda with the appellant's two defense counsel were provided in the government's motion to attach—part of the response to the appellant's assignments of error. Yet, those attachments now make clear that the appellant suffered no possible prejudice, as he was, indeed, afforded opportunities to respond to the SJAR and its addenda. Additionally, lack of the certificate of service was an insubstantial omission in the verbatim transcript in this case. *See United States v. Smith*, 59 M.J. 604, 613 (N-M. Ct. Crim. App. 2003).

The appellant's second assignment of error invites the same departure of our judicial role that we have already recently considered and rejected. *See United States v. Helbert*, No. 201600371, 2017 CCA LEXIS 205, at *4 (N-M. Ct. Crim. App. 30 Mar 2017). We do so again as we agree with the government that the "[a]ppellant identifies no mishandling of [personally

identifiable information] that would require this [c]ourt to remand the [r]ecord for redaction or order that the [entire r]ecord be sealed."[9]

### III. CONCLUSION

The findings and the sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court



---

[9] Appellee's Brief of 31 Mar 2017 at 15.