# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

### No. 201700086

————————————

### UNITED STATES OF AMERICA
Appellee

v.

### MARCUS L. LITTLEJOHN
Gas Turbine Systems Technician
(Mechanical) First Class, U.S. Navy
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges: Captain Charles N. Purnell II, JAGC, USN
(Arraignment); Commander Heather Partridge, JAGC, USN.
Convening Authority: Commander, Navy Region Mid-Atlantic,
Norfolk, VA.
Staff Judge Advocate's Recommendation: Commander Irve C.
Lemoyne, JAGC, USN.
For Appellant: Commander R.D. Evans, JR., JAGC, USN.
For Appellee: Lieutenant Commander Catheryne E. Pully, JAGC,
USN; Major Kelli A. O'Neil, USMC.

————————————

Decided 17 April 2018

————————————

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

At a general court-martial, a military judge convicted the appellant, pursuant to his pleas, of false official statement, assault consummated by a battery, and obstructing justice—violations of Articles 107, 128, and 134,

Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 928, and 934. The military judge sentenced the appellant to 15 months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and, except for the bad-conduct discharge and confinement in excess of 12 months, ordered it executed. In accordance with the pretrial agreement, the CA suspended confinement in excess of 12 months and waived all automatic forfeitures for six months. As an act of clemency, the CA deferred the adjudged reduction below the pay grade E-3 until CA's action.[1]

The appellant raises two assignments of error: (1) there is an incomplete authentication of the record of trial; and (2) the final addendum to the staff judge advocate's recommendation (SJAR) contained a new matter that was not served on the trial defense counsel (TDC).

After careful consideration of the record of trial and the pleadings of the parties, we conclude the findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

In October 2014, the appellant entered another Sailor's bedroom and touched her genital area while she slept. He subsequently lied to investigators and tried to get another witness to do the same. Following his court-martial, the appellant submitted a timely request for clemency asking the CA to suspend the automatic reduction in rank until he was separated from the Navy. In a third addendum to his SJAR, the staff judge advocate (SJA) recommended the CA suspend the adjudged and automatic reduction below pay grade E-3 for six months. This final addendum was not served on the TDC prior to CA's action.

## II. DISCUSSION

### A. Incomplete authentication of the record of trial

The military judge who presided over the appellant's arraignment was a different judge than the one who presided over the guilty plea and sentencing proceedings. The sentencing judge authenticated all but the arraignment portion of the trial transcript. There is no explanation why the arraignment judge did not authenticate the record of the arraignment proceedings.

---

[1] General Court-Martial Order (CMO) No. 10A-17 dated/of 10 January 2018. Because the language in the CA's original action of 1 March 2017 was ambiguous, we remanded this case to the CA with direction to withdraw the original action and substitute a corrected action. *United States v. Littlejohn*, No. 201700086, 2017 CCA LEXIS 582 (N-M Ct. Crim. App. 31 Aug 2017).

The appellant alleges three forms of prejudice resulted: (1) he was denied an accurate record; (2) he was denied the right to a post-trial review based on a completely authenticated record; and (3) no meaningful appellate review is possible because the record was not properly authenticated.[2] We disagree.

Whether a record of trial is complete and substantially verbatim is a question of law we review *de novo. United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000). Here, with the exception of the arraignment that made up the first 14 pages of the record, the entire record of trial has been authenticated. RULE FOR COURTS-MARTIAL (R.C.M.) 1104(a)(2)(A), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) provides in part, that "[i]f more than one military judge presided over the proceedings, each military judge shall authenticate the record of the proceedings over which that military judge presided . . . ." R.C.M. 1104(a)(2)(B) authorizes substitute authentication when a military judge is dead, disabled, or absent. Unless the military judge who presided over the arraignment proceedings was dead, disabled, or absent, they should have authenticated the first 14 pages. If that military judge was absent, trial counsel should have authenticated that portion and provided an explanation for the substitute authentication. R.C.M 1103(b)(3)(E).

Therefore, the failure to authenticate the initial arraignment proceedings constituted error under R.C.M. 1104(a)(2)(A). *See United States v. Robinson*, 24 M.J. 649, 654 (N.M.C.M.R. 1987). However, absent a specific showing of prejudice to the appellant, this error is harmless, does not require us to return the record of trial to the judge for authentication, and does not preclude this court from conducting meaningful review of the appellant's case under Article 59(a), UCMJ. *See United States v. Merz*, 50 M.J. 850, 854 (N-M. Ct. Crim. App. 1999).

In *Merz,* the initial special court-martial session, which lasted 15 minutes and included the first 12 pages of the record of trial, was not authenticated by the presiding military judge. A different military judge presided over the remainder of the trial. *Id*. at 853. Although we held that the lack of authentication by the military judge was error, we found it harmless. *Id.* at 854. In the absence of specific harm or prejudice, we declined to grant relief.

The appellant unsuccessfully attempts to distinguish his case from *Merz* by noting: (1) his case is a general court-martial and the charges and convictions on his record are more severe; (2) the period of time between court sessions in his case was eight months, as opposed to just over a month in *Merz*; (3) in addition to the military judge, there was a different trial counsel and VLC assigned to this case, whereas in *Merz*, the change in military judge

---

[2] Appellant's Brief of 11 May 2017 at 10-11.

was the only personnel change between sessions; and (4) the trial defense counsel in *Merz* was provided an opportunity to review the record of trial prior to authentication, but the appellant in this case was not.[3]

Nothing about the gravity of the offenses involved, the number of changes in personnel, or the lack of trial defense counsel review prior to authentication leads us to conclude the record of that initial session is inaccurate or would otherwise preclude the court from conducting meaningful review of the appellant's case under Article 59(a), UCMJ. Additionally, the appellant has not alleged any inaccuracy in the record of trial–only that the lack of authentication by the military judge over the arraignment proceeding is prejudicial to a proper post-trial review. Similar to *Merz*, the portion of the record of trial at issue is the arraignment proceeding encompassing the first 14 pages of the record, during which no pleas were entered or forum selected. After the trial resumed, the new military judge addressed both her own and the trial counsel's qualifications, confirmed the appellant's understanding of his counsel rights and reaffirmed his desire to be represented by detailed defense counsel, and provided him an opportunity to question or challenge the military judge. The appellant then elected forum and entered pleas. We find all of these differences irrelevant to our analysis and elect to follow our holding in *Merz*. Under the facts of this case, we find the appellant's claims of a specific harm or prejudice resulting from the lack of authentication by the initial military judge without merit.

## B. Failure to serve new matter in the SJA's final addendum on defense

The appellant alleges that the SJA erred by failing to serve him with the final addendum to the SJAR. He alleges that this addendum contained "new matter" as contemplated in R.C.M. 1106(f)(7), entitling him to be served with the addendum before the convening authority acted.

We have considered the SJAR addendum in question—the last of three addenda to the original SJAR. We find that it does contain new matter, insofar as it endorses in part the appellant's request for clemency. But we find that the appellant was not prejudiced by the failure to serve him with the addendum. The failure to serve new matters on the defense is not prejudicial if the new matter is "'neutral, neither derogatory nor adverse to appellant, or if it is so trivial as to be nonprejudicial.'" *United States v. Frederickson*, 63 M.J. 55, 56 (C.A.A.F. 2006) (quoting *United States v. Catalani*, 46 M.J. 325, 326 (C.A.A.F. 1997)) (additional citation omitted). Here, the new matter was in response to the appellant's request for clemency and actually benefitted him. Therefore, the appellant fails to make a

---

[3] Appellant's Brief at 13-18.

colorable showing of possible prejudice stemming from this error. *See United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997). We decline to grant relief.

### III. CONCLUSION

The findings and the sentence, as approved by the CA, are affirmed.

For the Court

R.H. TROIDL
Clerk of Court