# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32756**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Brandt M. HINDS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 31 July 2024

————————————

*Military Judge*: Joshua M. Rosen.

*Sentence*: Sentence adjudged 24 April 2023 by SpCM convened at Mac-Dill Air Force Base, Florida. Sentence entered by military judge on 6 June 2023: Bad-conduct discharge, confinement for 60 days, reduction to E-1, forfeiture of $1,000.00 pay per month for 2 months, and a reprimand.

*For Appellant*: Lieutenant Colonel Anthony J. Ghiotto, USAF; Captain Samantha M. Castanien, USAF.

*For Appellee*: Lieutenant Colonel J. Pete Ferrell, USAF.

Before JOHNSON, GRUEN, and WARREN, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of domestic violence against his intimate partner CHL in violation of

Article 128b, Uniform of Code Military Justice (UCMJ), 10 U.S.C. § 928b.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 60 days, forfeiture of $1,000.00 pay per month for two months, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings or sentence.

Appellant submitted this case on its merits without raising any specific assignments of error. During our review mandated by Article 66(d), UCMJ, 10 U.S.C. § 866(d),[2] we identified two minor issues that merit brief discussion: (1) the omission from the record of trial of the two attachments to the stipulation of fact; and (2) the mismatch between the reprimand language promulgated in the entry of judgment (EoJ) and that approved by the convening authority in the convening authority's Decision on Action Memorandum.

First, Attachments 1 and 2 to Prosecution Exhibit 1 (PE 1)—the stipulation of fact—were not attached to PE 1, to wit: (1) video recording of arresting civilian police officer body camera footage from Appellant's apprehension following the charged misconduct on 21 August 2022; and (2) audio recording of Appellant's 9-1-1 phone call from 21 August 2022 reporting the incident to law enforcement. We consider each in turn.

Attachment 1 (the body camera footage) was an attachment to the first indorsement of the charge sheet. In light of the fact that Attachment 1 was found elsewhere in the record of trial, its absence as an attachment to PE 1 does not render the record of trial incomplete.

As for Attachment 2 (the 9-1-1 phone call), a transcription of that call is present in the record by virtue of trial counsel playing it during his sentencing argument. The record indicates that trial counsel began the recording at 0 seconds and stopped the recording at 52 seconds. There is no indication the 9-1-1 phone call continued beyond 52 seconds; the stipulation of fact is silent as to the duration of the call. Accordingly, absent evidence to the contrary, we conclude that the substance of the 9-1-1 phone call and its transcription into the record of trial was a fair and accurate representation of Attachment 2 to PE 1. Furthermore, the stipulation of fact itself summarizes the 9-1-1 phone call. However, even assuming Attachment 2 was "omitted," we find any error as a result of the omission to be harmless. An appellant suffers no prejudice where the omission does not impair our ability to conduct a full and fair appellate

---

[1] References to the punitive article of the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] References to Article 66, UCMJ, refer to the 1 January 2021 amendments to that statute, codified in the National Defense Authorization Act for Fiscal Year 2021, Pub. L. 116-283, § 542(b), 134 Stat. 3388, 3611–12 (1 Jan. 2021).

review of his case. *United States v. Henry*, 53 M.J. 108, 111, n.1 (C.A.A.F. 2003). Here, it has no impact on our ability to conduct appellate review of Appellant's case because we have the ability to review the substance of the attachments via their inclusion in the record as recited above. Furthermore, there were no objections to either the stipulation of fact or trial counsel's sentencing argument replaying Attachment 2 during sentencing argument. In short, this court has accorded Appellant a full and fair review of his conviction and sentence.

Second, there is a mismatch between the reprimand language approved by the convening authority in his Decision on Action Memorandum and the EoJ. The EoJ deleted part of the last sentence from the reprimand language approved in the convening authority's action and added two new sentences in its place. The last sentence of the convening authority's approved reprimand reads: "Your failure to uphold the most miniscule degree of dignity and respect towards another person is a disgrace to all who wear the uniform in order to help and serve the very people who you caused violence." Whereas the last two sentences of the reprimand on the EoJ read: "As a person in the profession of arms, you are expected to serve and protect. Instead, you shamefully chose to assault and betray."

We further note that one sentence in the convening authority's reprimanded language states: "Your choice to violently strangle [CHL], twice in the same night, to unconsciousness, seriously calls into question your character and judgement [sic]." Whereas the EoJ rephrases it as follows: "Your decision to strangle her to unconsciousness *as she was attempting to call for help is especially reprehensible*." (Emphasis added).

"Only the convening authority may specify the terms of the reprimand." Rule for Courts-Martial (R.C.M.) 1003(b)(1), Discussion. Appellant did not file a post-trial motion for correction of the EoJ. R.C.M. 1104(b)(1)(E). Nonetheless, while Appellant has not claimed prejudice from the error, we are constrained by Article 66(d)(1), UCMJ, to only approve sentences that are correct in law and fact. *See also United States v. Bennett*, No. ACM S32722, 2023 CCA LEXIS 293, at *14 (A.F. Ct. Crim. App. 14 Jul. 2023) (unpub. op.) ("We cannot approve a sentence that is not correct in law."). We can correct this error without remanding for additional post-trial processing, and we take corrective action to effect the reprimand from the convening authority's Decision on Action Memorandum. *See* R.C.M. 1111(c)(2).

Consistent with our authority granted under R.C.M. 1111(c)(2), we correct the EoJ to read as follows:[3]

> You are reprimanded! Your choice to violently strangle CHL, twice in the same night, to unconsciousness, seriously calls into question your character and judgment. I will not tolerate this complete departure from the expectations of Airmen in my wing, nor should anyone accept this degree of departure from human decency. Your failure to uphold the most miniscule degree of dignity and respect towards another person is a disgrace to all who wear the uniform in order to help and serve the very people who you caused violence.

The findings are correct in law, and the sentence is correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.


FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[3] This language includes two minor adjustments from the convening authority's original language: (1) to correct a spelling error ("judgement" corrected to "judgment"), and (2) to replace the victim's full name with only her initials to protect her privacy.