# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40502**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Franklin A.T. RICE**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 29 August 2024

————————————

*Military Judge*: Jennifer E. Powell.

*Sentence*: Sentence adjudged 19 April 2023 by GCM convened at Joint Base Pearl Harbor-Hickam, Hawaii. Sentence entered by military judge on 5 June 2023: Dishonorable discharge, confinement for 42 months, reduction to E-1, and a reprimand.

*For Appellant*: Captain Trevor N. Ward, USAF.

*For Appellee*: Lieutenant Colonel J. Peter Ferrell, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, GRUEN, and WARREN, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

The findings are correct in law, and the sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), Uniform Code of Military Justice, 10 U.S.C.

§§ 859(a), 866(d) (*Manual for Courts-Martial, United States* (2024 ed.)).* Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

* In the course of our review, the court discovered that Preliminary Hearing Officer Exhibit (PHO Ex) 6 (purportedly containing images of child pornography retrieved from Appellant's snapchat messaging application) is missing from the record of trial. Appellant asserts neither error nor prejudice from this omission and we perceive none. Ultimately, this omission was insubstantial within the meaning of *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2003) insofar as: (1) the preliminary hearing report itself is an attachment to, not a mandatory part of, the record of trial, *see* Rule for Courts-Martial 1112(b); (2) the preliminary hearing report itself summarizes the images contained in PHO Ex 6; and (3) their omission does not frustrate our full and complete appellate review because the images constituting proof of Appellant's guilt as to the wrongful production of child pornography specification were included in the record of trial as an attachment to the stipulation of fact admitted at trial.