# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40649** |
| *Appellee* | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| **Gavin D. TURTU** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

On 22 May 2025, Appellant moved this court "to compel the Government to produce complete working copies of Attachments 4 and 9 to Prosecution Exhibit 1," the stipulation of fact. Appellant asserted that the copies of Attachment 4, described as a recording of a pretextual phone call lasting approximately 1 hour, 43 minutes, and 32 seconds, contained in Appellant's copy of the record of trial and the original record of trial "will not advance beyond 40 minutes and 9 seconds." Appellant asserted appellate defense counsel were also unable to access the three police body camera recordings, totaling approximately 18 minutes, contained in Attachment 9 on either the Defense's copy of the record of trial or the original record of trial.

On 29 May 2025, the Government responded to the defense motion. With respect to Attachment 4, appellate government counsel found the same defect in the Government's copy of the record of trial that Appellant identified. With respect to Attachment 9, the Government indicated appellate government counsel were able to access the recordings contained in the Government's copy of the record of trial. The Government stated counsel for the two parties agreed the Government would prepare a new copy of Attachment 9 from the Government's copy of the record and provide it to the Defense.

Also on 29 May 2025, the Government filed a motion to attach a replacement copy of Attachment 4 of Prosecution Exhibit 1, as well as a 28 May 2025 declaration from Staff Sergeant DJ, 19th Airlift Wing Office of the Staff Judge Advocate, identifying the source of the replacement copy as "an archived Microsoft Teams Group titled 'US v. Turtu – Discovery.'" Appellant did not oppose the Government's motion to attach.

On 12 June 2025, this court denied Appellant's motion to compel and ordered the Government to show good cause, not later than 25 June 2025, "as to why this court should not return the original record of trial for correction of the record as to Attachments 4 and 9 of Prosecution Exhibit 1, and to any other matters needing correction, to ensure a complete, certified record for the court's review."

On 25 June 2025, the Government responded to the court's order. The Government stated that because it had provided "working copies" of Attachments 4 and 9 to Prosecution Exhibit 1, remand for correction was unnecessary. The Government cited three cases in which this court had previously found remand for correction unnecessary after the Government moved to attach missing documents, and stated appellate defense counsel "concur[red]" that remand was unnecessary in this case.

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted).

Rule for Courts-Martial (R.C.M.) 1112(b)(5) provides, *inter alia*, the "record of trial in every general and special court-martial shall include . . . [e]xhibits . . . ." *Manual for Courts-Martial, United States* (2024 ed.). R.C.M. 1112(c) provides the court reporter or military judge shall certify the record of trial is complete. R.C.M. 1112(d)(2) provides, in part:

> A record of trial is complete if it complies with the requirements of subsection (b). . . . A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate. A superior competent authority may return a record of trial to the military judge for correction under this rule. The military judge shall give notice of the proposed correction to all parties and permit them to examine and respond to the proposed correction. . . .

R.C.M. 1112(d)(3)(A) provides the military judge may take corrective action by, *inter alia*, "reconstructing the portion of the record affected."

Department of Air Force Instruction (DAFI) 51-201, *Administration of Military Justice*, ¶ 21.15 (24 Jan. 2024), provides "[a] defective or incomplete ROT is corrected in accordance with R.C.M. 1112(d). A Certificate of Correction is prepared and certified by the military judge detailed to the case."

This court "may affirm only such findings of guilty as [it] finds correct in law." 10 U.S.C. § 866(1)(A). In addition, this court "may consider," *inter alia*,

"whether the sentence violates the law" and "whether the sentence is inappropriately severe." 10 U.S.C. § 866(e)(1)(A), (B).

The original certified record of trial is not complete. The missing material was attached to the stipulation of fact, which the military judge considered before accepting Appellant's guilty plea and adjudging the sentence. Whether the findings of guilty were correct in law, and whether the sentence was correct in law or inappropriately severe, depends in part on the evidence that was provided to the military judge, including the stipulation of fact and its attachments. We find it appropriate to remand the record for correction in accordance with the procedures prescribed by R.C.M. 1112.

Accordingly, it is by the court on this 30th day of June, 2025,

**ORDERED:**

The Government Motion to Attach dated 29 May 2025 is **DENIED**. The record of trial in Appellant's case is returned to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to ensure the inclusion of functional copies of Attachments 4 and 9 to Prosecution Exhibit 1, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

The record of trial will be returned to the court not later than **15 August 2025** unless a military judge or this court grants an enlargement of time for good cause shown.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court