*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, KISOR, and FLINTOFT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jawan T. HALE**
Staff Sergeant (E-6), U.S. Marine Corps
*Appellant*

**No. 202400240**

_____

Decided:  29 September 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Eric A. Catto

Sentence adjudged 6 March 2024 by a general court-martial tried at Marine Corps Base Hawaii, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for thirty years, forfeiture of all pay and allowances, and a dishonorable discharge.[1]

For Appellant:
*Lieutenant Benjamin M. Cook, JAGC, USN*

---

[1] Appellant was credited with 398 days of pretrial confinement credit.

For Appellee:
*Captain Jacob R. Carmin, USMC*
*Major Mary Claire Finnen, USMC*

Senior Judge KISOR delivered the opinion of the Court, in which Chief Judge DALY and Judge FLINTOFT joined.

―――――――――――――

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

―――――――――――――

KISOR, Senior Judge:

Appellant was convicted, in accordance with his pleas, of multiple specifications of committing a sexual act upon a child who was under 12 years old, multiple specifications of indecent conduct for masturbating and having sex in front of the same child, two specifications of production of child pornography for filming certain sexual acts, several specifications of possession of child pornography, solicitation, and using indecent language in violation of Articles 120b, 134, and 82, UCMJ.

Appellant asserts four assignments of error (AOEs):

I. **WERE THE TRIAL DEFENSE COUNSEL INEFFECTIVE FOR NOT PRESENTING EVIDENCE OF APPELLANT'S MILITARY SERVICE DURING SENTENCING, TO INCLUDE HIS TWO COMBAT DEPLOYMENTS TO AFGHANISTAN?**

II. **UNDER *UNITED STATES V. ALLEN*, CAN THIS COURT PERFORM ITS REQUIRED REVIEW UNDER ARTICLE 66, UCMJ, WHERE THE ONLY EVIDENCE OF APPELLANT'S MILITARY RECORD INTRODUCED AT TRIAL DID NOT REFERENCE HIS COMBAT DEPLOYMENTS TO AFGHANISTAN OR ANY OTHER SUBSTANTIVE INFORMATION ABOUT THE CHARACTER OF HIS SERVICE?**

III. **IS THE PLEA AGREEMENT TERM MAKING DISMISSAL OF THE WITHDRAWN CHARGES WITH PREJUDICE CONTINGENT UPON THIS COURT UPHOLDING THE SENTENCE UNENFORCEABLE?**

### IV. DID THE MILITARY JUDGE ERR BY FAILING TO ENSURE THE RECORD OF TRIAL TRANSCRIPT ACCURATELY RE- FLECTS THE PROPER CHARGE SHEET TO WHICH APPEL- LANT PLED GUILTY IN SPECIFICATION 3 OF CHARGE I?

We find no prejudicial error and affirm the findings and sentence.

### I. BACKGROUND

Put simply, Appellant pleaded guilty to, and was convicted of, multiple child sex abuse charges involving, *inter alia,* touching the vulva of a nine-year-old girl several times, filming it, masturbating in her presence, having sex with the girl's mother in the presence of the girl twice, having sex with another woman in the presence of her two-year-old child (in order for Appellant to gain sexual arousal from the child's presence), using indecent language to the child's mother regarding the child, and possessing and producing child pornography.[2]

Pursuant to his negotiated plea agreement, the 13 segmented periods of confinement, totaling 235 years and 6 months, were to be served concurrently, resulting in a sentence to 30 years of total confinement.[3] The plea agreement contains a provision which provides that "[i]n return for my pleas of guilty, the convening authority agrees to suspend under R.C.M. 1109(f) any portion of my sentence that the military judge recommends suspending in the statement of trial results."[4]

The plea agreement also contains provisions that in return for Appellant's pleas of guilty the convening authority would withdraw Charge I, Specification 1 (Rape of a Child) and Charge II, Specification 1 (Production of Child Pornography) and certain language in Charge II, Specification 4 (Possession of Child Pornography). The convening authority further agreed to dismiss those specifications and language after the announcement of sentence, "without prejudice to ripen into prejudice upon completion of appellate review where the findings *and sentence* have been upheld."[5]

The Defense presented evidence during the sentencing proceeding, but did not present documents from Appellant's service record regarding his deployments and combat service. Nonetheless, after presenting the evidence in sentencing, including witness testimony about Appellant's upbringing, trial defense counsel asked the military judge to recommend suspension of "a year or

---

[2] R. at 121-22, 128.

[3] App. Ex. XXVIII at para. 10-11; R. at 122.

[4] App. Ex. XXVIII at para. 9(a) at page 9.

[5] App. Ex. XXVIII at para. 9(b) and (c) (emphasis added).

two" of the agreed-upon 30 years, and also to recommend suspension of the adjudged forfeitures.[6] The military judge, however, did not recommend any suspension of any part of the sentence.[7]

Appellant's brief contains the assertion that "[n]otably, the TDC attorneys did not even have possession of Appellant's full military records documenting his two combat deployments or the majority of his military awards – which Appellate Defense Counsel had to obtain in support of this appeal."[8] We therefore granted Appellant's motion to attach a declaration from Appellant wherein he states "[d]uring preparation for my trial, my trial defense counsel never discussed the use of (or lack of use of) any of my military records with me." He also attached the service records and other documents which he contends he would have wanted to present.[9] In response to our order of 24 July 2025 to obtain declarations from both trial defense counsel regarding this, the Government filed these declarations with this Court on 13 August 2025. Both trial defense counsel declared under penalty of perjury that they had reviewed Appellant's service record (which had been produced to them during discovery) and had discussed the sentencing strategy with Appellant. They stated that it was a tactical call not to present service records because doing so would have "opened the door" to unfavorable evidence, including uncharged misconduct of which the Government was aware.[10]

## II. DISCUSSION

### A. Under *Strickland v. Washington* and its progeny, Appellant cannot show prejudice because there is no reasonable probability that the military judge would have recommended suspension of any part of the sentence in this case for these crimes.

Appellant acknowledged that the military judge had no discretion in adjudging the bargained-for sentence in this case. Appellant contends that because any suspension recommendation that the military judge made

---

[6] R. at 157-58. The trial defense counsel did not indicate which charge or specification, and we infer that he meant each of them, as the sentences were to be served concurrently.

[7] R. at 161.

[8] Appellant's Brief at 12-13.

[9] Appellant's Declaration at para. 6. This Court granted the motion to attach these documents on 25 February 2025.

[10] Affidavits of trial defense counsel, attached to the record on 13 August 2025.

would be binding on the convening authority, trial defense counsel should have presented a stronger sentencing case, to include service record documents.[11] For its part, the Government contends that trial defense counsel were not ineffective, and regardless, there is "no reasonable probability that the Military Judge would have recommended a suspension of confinement in his case."[12]

*1. Standard of review and applicable law*

Allegations of ineffective assistance of counsel are reviewed de novo.[13] To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy both prongs of the *Strickland v. Washington* test. First, an appellant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.[14] This means that an appellant "must show that counsel's representation fell below an objective standard of reasonableness."[15] Further, judicial scrutiny of counsel's performance must be highly deferential, and this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."[16] An accused is entitled to effective assistance of counsel during the sentencing phase of a court-martial.[17] Ineffective assistance of counsel during the sentencing phase can occur when counsel fails to introduce favorable evidence.[18]

Second, an appellant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.[19] An appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.[20]

---

[11] Appellant's Brief at 19.

[12] Appellee's Answer at 22.

[13] *United States v. Palik*, 84 M.J. 284, 288 (C.A.A.F. 2024) (citing *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007)).

[14] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[15] *Id.* at 688.

[16] *Id.* at 689.

[17] *United States v. Dobrava*, 64 M.J. 503, 505 (Army Ct. Crim. App. 2006).

[18] *United States v. Boone,* 49 M.J. 187, 196 (C.A.A.F. 1998).

[19] *Strickland*, 466 U.S. at 687.

[20] *Id.* at 694.

We need not apply the two prongs of the *Strickland* test in any particular order.[21] If it is easier to dispose of an ineffectiveness claim on the ground of lack of prejudice, that is a proper action for this Court to take.[22]

*2. Analysis*

We readily dispose of Appellant's claim of ineffective assistance of counsel for lack of prejudice. There is no reasonable *probability* that the military judge would have recommended suspension of any portion of the sentence in light of the myriad and serious child sex abuse crimes committed by Appellant. At most, Appellant's claim that the military judge would have recommended that the convening authority suspend some portion of the sentence if he had seen the additional materials (which we have reviewed and ordered attached to this record) raises only a rather remote possibility–falling well short of a reasonable probability–that the result would have been different. Accordingly, we do not analyze whether there was any deficient performance and conclude that Appellant is not entitled to relief.

## B. Appellant's contention that this Court cannot perform its review under Article 66 is devoid of merit and is also moot.

Appellant contends, as a corollary assignment of error, that the lack of service record documents and evidence in the sentencing phase of Appellant's court-martial renders this Court's Article 66 review impossible.[23] The Government contends that this record contains ample evidence upon which to base its Article 66 review.[24] Article 66 requires this Court to conduct a full review of the record. On 25 February 2025, this Court granted Appellant's motion to attach to the record certain service record documents and affidavits that he contends should have been offered during sentencing. Thus, although we would find this assignment of error to be generally lacking in merit under the facts of this case, we observe that it is rendered moot as a result of our granting Appellant's motion to attach.

---

[21] *Id.* at 697.

[22] *Id.*

[23] Appellant's Brief at 28-29.

[24] Appellee's Answer at 26.

## C. The plea agreement term making dismissal of the withdrawn charges contingent upon this Court upholding the sentence is not ripe for review in this case.

*1. Standard of review*

This Court reviews whether a term of a plea agreement is illegal or unenforceable de novo.[25]

*2. Analysis*

Appellant claims the plea agreement's term making the dismissal of charges with prejudice contingent on the sentence being upheld on appeal, is unenforceable. Appellant asks this Court to either strike the words "and sentence" from paragraph 9 of the plea agreement or simply order the withdrawn charges dismissed with prejudice.[26] Appellant states that inclusion of this term "deters the assertion of appellate rights in the worst way possible . . . the term pressures appellants not to allow this Court to use its appellate authority to corrects sentencing errors sua sponte."[27] This is certainly not true in this case, as Appellant has filed a lengthy brief asking this Court to set aside his sentence. Curiously, Appellant states "[the term] not only deters appellants from asserting specific assignments of error, it deters them from exercising their rights to use the appellate process at all (even for merits reviews of their cases.)"[28] This is not a class action case and this Court will not speculate as to what other appellants might do in other cases if they have an identical term in their plea agreements. Appellant does not state *what* assignments of error he did not raise, nor did he submit the case on its merits . We do not believe that Appellant has experienced any chilling effect by agreeing to this term in his plea agreement.

As we recently explained in *United States v. Amos,* we will not take either of the requested actions at this point.[29] We believe that this issue has not ripened into a dispute  in this case because we affirm the findings and sentence. Nor do we feel compelled to explicitly identify the exact moment of hypothetical ripeness of a similar issue in future cases. If we had granted sentence relief to

---

[25] *See United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (applying de novo review to pretrial agreements).

[26] Appellant's Brief at 43.

[27] Appellant's Brief at 33.

[28] Appellant's Brief at 33.

[29] *See United States v. Amos*, No. 202400099, 2025 CCA LEXIS 277 (N-M. Ct. Crim. App. Jun. 24, 2025) (unpublished).

Appellant, we might have then had occasion to decide whether this term of this plea agreement is unenforceable as the Army Court of Criminal Appeals (ACCA) did in *United States v. Hunter*.[30]

In *Hunter*, the ACCA set aside a bargained-for dishonorable discharge and approved only a bad-conduct discharge.[31] The ACCA also stated that a provision identical to the one at issue in this case was unenforceable insofar as the convening authority may not instill in itself the power to withdraw from the plea agreement because the court used its Article 66 power to take action on that appellant's sentence.[32] Thus, in *Hunter*, the ACCA found that its own action in not approving the adjudged sentence ripened that issue for review in that case. Regardless, in this case, this issue is not ripe.[33]

**D. The parties agree that the record of trial contains two versions of the charge sheet.**

Appellant waived reading of the charges at arraignment.[34] Page 9 of the trial transcript provides the court reporter's notation that "the charge sheet follows and is not a numbered page."[35] The parties agree that what follows page 9, however, is not the correct version of the charge sheet. The parties further agree that the correct version is appended to a Government motion and can be found in Appellate Exhibit VII.[36]

*1. Standard of review*

The Court reviews de novo whether a record of trial is complete.[37]

*2. The operative charge sheet is in the wrong place in the record*

Appellant contends that there are two versions of the charge sheet in the record each alleging the same offense, albeit with different conduct, in Specification 3 of Charge I. Appellant acknowledges that all parties and the

---

[30] 84 M.J. 715, 720 (Army Ct. Crim. App. 2024).

[31] *Id.*

[32] *Id.*; *see also Amos*, 2025 CCA LEXIS 277 at *14-15; *but cf. United States v. Goldsmith*, No. 40148, 2023 CCA LEXIS 8 (A.F. Ct. Crim. App. Jan. 11, 2023).

[33] It could become a ripe issue for mandamus review in this case if a convening authority re-preferred and re-referred the dismissed charges and specifications following completion of appellate review.

[34] R. at 9.

[35] R. at 9.

[36] App. Ex. VII at 3.

[37] *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000).

military judge operated off of the correct version of the charge sheet during trial and that the Entry of Judgment is correct.[38] Appellant therefore asks for no remedy other than to "clarify that the incorrect charge sheet was included in the record of trial" following page 9.[39] The Government, perhaps somewhat dyspeptically, rejoins that "Appellant points to no authority entitling him to the inclusion of the correct charge sheet in a particular place in the record of trial. Nor does Appellant point to any Rule empowering this Court to alter the record."[40] Nonetheless, the Government does not oppose the Court clarifying "that the incorrect charge sheet was included in the Record of Trial."[41]

Attention to detail is important. But mistakes happen. We will not excessively perpend the mystery of whether this Court has inherent authority or statutory power to issue declaratory relief of this nature. The parties here are in sensible agreement that the Court should clarify that an incorrect version of the charge sheet follows page 9 of the trial transcript and that the correct version is contained in Appellate Exhibit VII. For the benefit of reviewing authorities, it is so clarified.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[42]

The findings and sentence are **AFFIRMED**.



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[38] Appellant's Brief at 45-46.

[39] Appellant's Brief at 46.

[40] Appellee's Answer at 56.

[41] Appellee's Answer at 56.

[42] Articles 59 & 66, UCMJ.